216 N.J. Super. 66 (1987)
522 A.2d 1036
ANGEL GUERRERO, PLAINTIFF-RESPONDENT,
v.
CITY OF NEWARK, DEFENDANT-APPELLANT, AND SMITH MOTORS CO., AND MICHAEL GAGLIOTTI, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 3, 1987.
Decided March 18, 1987.
*67 Before Judges MICHELS and SKILLMAN.
*68 Robert MacDonald, Assistant Corporation Counsel, argued the cause for appellant (Glenn A. Grant, Corporation Counsel, attorney; Robert MacDonald, of counsel and on the brief).
Kenneth M. Sunberg argued the cause for respondent (Geltzeiler, Mandel, Berezin & Feinstein, attorneys; Judith E. Rodner, of counsel and on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Pursuant to leave granted by this court, defendant City of Newark appeals from an order of the Law Division that denied its motion to dismiss with prejudice the complaint of plaintiff Angel Guerrero for failure to comply with the notice requirements of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. Judge Cocchia in the Law Division held that the information provided by plaintiff substantially complied with these requirements. We agree and affirm.
At issue here are several sections of Chapter 8 of the Tort Claims Act. N.J.S.A. 59:8-3 prohibits bringing an action "against a public entity under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter." The reasons for this notice requirement are contained in the official comment to N.J.S.A. 59:8-3, which provides:
The purpose of the claims notification requirement in this Chapter is two-fold: (a) to allow the public entity at least six months for administrative review with the opportunity to settle meritorious claims prior to the bringing of suit; (b) to provide the public entity with prompt notification of a claim in order to adequately investigate the facts and prepare a defense.
The contents of any claim presented pursuant to the Tort Claims Act is governed by N.J.S.A. 59:8-4. This section mandates that:
A claim shall be presented by the claimant or by a person acting on his behalf and shall include:
a. The name and post office address of the claimant;
b. The post-office address to which the person presenting the claim desires notices to be sent;

*69 c. The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted;
d. A general description of the injury, damage or loss incurred so far as it may be known at the time of presentation of the claim;
e. The name or names of the public entity, employee or employees causing the injury, damage or loss, if known; and
f. The amount claimed as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed.
In addition to this information, a public entity may require a party to provide other data in connection with his claim. The authority to demand additional information and the nature of the information which may be demanded is established by N.J.S.A. 59:8-6, which states, in part, that:
A public entity may by rule or regulation adopt forms specifying information to be contained in claims filed against it under this act. Such forms shall include the requirements of 59:8-4 of this act and may include such additional information or evidence as (1) written reports of a claimant's attending physicians or dentists setting forth the nature and extent of injury and treatment, any degree of temporary or permanent disability, the prognosis, period of hospitalization, and any diminished earning capacity; (2) a list of claimant's expert witnesses and any of their reports or statements relating to the claim; (3) itemized bills for medical, dental, and hospital expenses incurred, or itemized receipts of payment for such expenses; (4) documentary evidence showing amounts of income lost; (5) if future treatment is necessary, a statement of anticipated expenses for each treatment.
In addition, the claimant may be required to submit to a physical or mental examination by a physician employed by the public entity and a claimant may be required to permit a public entity to inspect all appropriate records relating to his claim for liability and damages including, but not limited to, income tax returns, hospital records, medical records and employment records.
The official comment to N.J.S.A. 59:8-6 explains that: "[t]his provision is necessary in order to assure the fair and full disclosure of information necessary to the orderly and expedient administrative disposition of claims."
N.J.S.A. 59:8-7 directs that "[a] claim for injury or damages arising under this act against a local public entity shall be filed with that entity." Lastly, the time for the presentation of claims is set forth in N.J.S.A. 59:8-8 as follows:
A claim relating to a cause of action for death or for injury to person or to property shall be presented as provided in this chapter not later than the *70 ninetieth day after accrual of the cause of action. After the expiration of 6 months from the date notice of claim is received, the claimant may file suit in an appropriate court of law. The claimant shall be forever barred from recovering against a public entity if:
a. He failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8-9; or
b. Two years have elapsed since the accrual of the claim; or
c. The claimant or his authorized representative entered into a settlement agreement with respect to the claim.
Nothing in this section shall prohibit an infant or incompetent person from commencing an action under this act within the time limitations contained herein, after his coming to or being of full age or sane mind.
Although it is clear that plaintiff did not fully comply with the notice provisions of the Tort Claims Act, he did substantially comply with them. See Dambro v. Union Cty. Pk. Comm., 130 N.J. Super. 450 (Law Div. 1974). Cf. Anske v. Borough of Palisades Park, 139 N.J. Super. 342 (App.Div. 1976). Accord Navarro v. Rodriguez, 202 N.J. Super. 520 (Law Div. 1984); Lameiro v. West New York Bd. of Ed., 136 N.J. Super. 585 (Law Div. 1975). The automobile accident giving rise to this controversy occurred on January 12, 1986 at the intersection of Summer Avenue and Verona Avenue in Newark, New Jersey. Plaintiff's car collided with one driven by defendant Michael Gagliotti and owned by defendant Smith Motors Co. Both in his notice of claim to defendant and in his complaint, plaintiff alleged that the collision was caused, in part, by an inoperative traffic light at the intersection and that defendant had a duty to maintain said light.
By letter dated January 21, 1986, plaintiff's attorney informed defendant, among others, that plaintiff sustained injuries as a result of the January 12, 1986 accident and intended to pursue a claim under N.J.S.A. 59:8-1 et seq. The letter notified defendant of: (1) plaintiff's name and address; (2) the name and address of the law firm representing him; (3) the date, time, place and alleged cause of the accident; (4) that plaintiff had suffered personal injuries, the extent of which were unknown; (5) the public entity responsible for his injuries; and (6) *71 that the "[e]xtent of [his] medical expenses [was] unknown at present."
Thereafter, plaintiff's attorney furnished additional information to defendant in its specialized notice of claim form. The data provided in this form, which was signed and dated February 18, 1986, included: (1) plaintiff's name and address; (2) his date of birth and social security number; (3) the name and address of the attorney representing him; (4) the date and time of the accident; (5) the location of the alleged dangerous condition which contributed to his injury; (6) a description of how the accident occurred; (7) the alleged negligence of defendant which caused plaintiff's damages; (8) the names and addresses of two witnesses to the accident; (9) a statement that a claim was being made for personal injury and property damage; (10) a general description of the injuries sustained and a statement that some were permanent; (11) the hospital at which he was treated and the date of treatment; (12) the name and address of the doctor who treated him; and (13) the name and address of his employer and a statement that he was claiming lost wages. However, plaintiff did not furnish defendant with the names and addresses of the police officers who investigated the accident, the dates on which he was treated by his physician or the amount of his medical expenses and property damage. Plaintiff merely indicated on the form that this information was "to be supplied." Furthermore, plaintiff did not provide defendant with copies of the itemized bills for the medical expenses, the appraisal for the property damage claim, the report of the treating physician or a letter from his employer verifying the lost wage claim.
By letter dated March 12, 1986, defendant acknowledged receipt of "what purports to be a Notice of Claim." The letter stated that plaintiff's claim contained insufficient information to satisfy the Tort Claims Act with respect to certain questions but failed to indicate the questions to which plaintiff's responses were deficient. In addition, the letter requested plaintiff to verify the car in which Andrea Rivera was a passenger and Ms. *72 Rivera's seating location. Lastly, the letter urged plaintiff to provide the information sought as soon as it became available and admonished that failure to do so may result in his claim being barred as untimely. By letter dated April 12, 1986, plaintiff's counsel responded to defendant's letter of March 12, 1986. He explained that Ms. Rivera was a passenger in plaintiff's vehicle. Plaintiff's attorney also enclosed a copy of the police report of the accident and offered to provide any additional information which defendant needed.
In our view, both in form and in content, plaintiff's letter of January 21, 1986 complied with the notice requirements set forth in N.J.S.A. 59:8-4. As paragraph (f) requires information about the amount of any damages claimed only "insofar as it may be known at the time of the presentation of the claim," plaintiff's response of "unknown at present" cannot be deemed defective. Similarly, the information required under paragraph (d) is limited by the qualification "as far as it may be known." Thus, plaintiff's answer that the "[e]xtent of [his] personal injuries [was] unknown at present" was not necessarily violative of the notice requirements. In any event, on or about February 18, 1986, plaintiff's counsel provided more information in defendant's claim form. There, it was noted that plaintiff had sustained injuries to his neck and back, some of which were permanent. Likewise, the form indicated that the only property damage suffered was to a 1968 Ford. With this supplemental information, at the very least, plaintiff substantially complied with all the requirements of N.J.S.A. 59:8-4.
Although plaintiff or his attorney answered some of the questions in defendant's claim form with "to be supplied," this does not negate the fact that there was substantial compliance with the notice provisions. The record establishes that defendant received information sufficient to allow it to investigate the facts and either settle the claim, if meritorious, or prepare a defense to it. Both the letter of January 21, 1986 and defendant's claim form of February 18, 1986 indicated the date, time and location of the accident. Plaintiff initially informed defendant *73 that the accident was caused by an inoperative traffic light, and, in the notice of claim, plaintiff specifically claimed that defendant was negligent in failing "to maintain [the] traffic controls in a safe and proper manner." Thus, defendant was alerted to all of the facts necessary for it to investigate its legal liability to plaintiff.
Defendant was also supplied with adequate information to estimate its monetary exposure for plaintiff's property damage and purported loss of wages. The property damage claim was for a 1968 Ford. By checking its own police report (which plaintiff furnished by his April 12, 1986 letter) defendant could have ascertained the portions of the car that were damaged. Furthermore, defendant could have determined its maximum potential exposure by merely looking up the book value of that automobile. Similarly, defendant was furnished with sufficient information to investigate plaintiff's claim for lost wages. The claim form contained plaintiff's social security number and the name of his employer, Electric Stop Nut of 2330 Vauxhall Road, Union, New Jersey. Defendant could readily have checked with personnel from Electric Stop Nut to determine the extent and validity of plaintiff's claim for lost wages.
Likewise, the purposes of the notification requirements were served by the information plaintiff provided concerning his alleged personal injuries. From plaintiff's responses in the claim form, defendant was apprised that plaintiff was claiming neck and back injuries and complications therefrom as a result of the accident. He also claimed that some of the injuries were permanent. Additionally, defendant was informed that plaintiff was treated at Clara Maas Hospital in Belleville, New Jersey, on January 13, 1986 and by Dr. David Wolkstein of Union, New Jersey. Although plaintiff's counsel had received a report from Dr. Wolkstein some time in January 1986, which he claimed was misfiled and not discovered until October of 1986, such report was immediately forwarded to defendant upon its discovery. Plaintiff clearly had an obligation to furnish this report under both N.J.S.A. 59:8-4 and N.J.S.A. 59:8-6, but his failure to do *74 so in the circumstances here does not warrant dismissing this action. Consequently, we are satisfied that the trial court properly denied defendant's motion to dismiss the complaint on this ground.
We turn, therefore, to defendant's claim that plaintiff's filing suit prior to the expiration of the six-month investigatory period set forth in N.J.S.A. 59:8-8 warranted dismissal without prejudice. Plaintiff's notice of claim was received by defendant on or about January 21, 1986. Plaintiff filed the complaint on June 17, 1986, but did not serve defendant until July 10, 1986. Thus, plaintiff did not comply with the six-month waiting period prescribed by N.J.S.A. 59:8-8. The interval between the date of notification of the claim and the date the suit was instituted was just under five months.
According to N.J.S.A. 59:8-8, a claimant will be forever barred from recovery against a public entity in only three situations: (1) the claimant fails to file his claim with the public entity within 90 days of accrual of his claim or obtain leave to file a late notice of claim; (2) two years have elapsed from the time that the claim accrued; or (3) the claimant settles his claim. Thus, although the statute mandates that the claimant wait six months from the date that notice is received before filing suit, the failure to do so was not intended permanently to bar one from bringing an action.
Ordinarily, plaintiff's non-compliance with the statutory waiting period would dictate granting a dismissal of the complaint without prejudice; however, we are of the view that such a course would be imprudent in this case. See Reale v. Tp. of Wayne, 132 N.J. Super. 100, 111 (Law Div. 1975). Defendant had more than ample time and information over the course of this case to effect a settlement if it so desired. Thus, plaintiff's non-compliance with the provisions of N.J.S.A. 59:8-8 has neither prejudiced defendant nor frustrated the purposes of the notice provisions. Moreover, if the case were dismissed without prejudice, under the two-year limitation period of N.J.S.A. 59:8-8, plaintiff could easily reinstitute the action and thus *75 place the parties in essentially the same position they are in now. Dismissing this case without prejudice would have little impact other than consuming the parties' and court's resources. Consequently, an affirmance of the trial court's ruling would best serve the interests of efficiency and judicial economy without undercutting the essential provisions of the Tort Claims Act.
Accordingly, despite plaintiff's failure to comply with the six-month waiting period of N.J.S.A. 59:8-8, the order under review is affirmed. The matter is remanded to the trial court for further proceedings.