726 A.2d 321 (1999)
319 N.J. Super. 671
Desmond NEWBERRY and Kristina Newberry, Plaintiffs-Appellants,
v.
TOWNSHIP OF PEMBERTON, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued March 23, 1999.
Decided April 7, 1999.
*322 Anne P. Cataline, Marlton, for plaintiffs-appellants (Flynn Austin & Associates, attorneys; Ms. Cataline, on the brief).
John C. Gillespie, Moorestown, for defendant-respondent (Barron & Gillespie, attorneys; Mr. Gillespie, on the brief).
Before Judges PRESSLER, KLEINER and STEINBERG.
The opinion of the court was delivered by PRESSLER, P.J.A.D.
This is a tort claims case in which we are required once again to consider the relationship between N.J.S.A. 59:8-4, which prescribes the required contents of a notice of claim, and N.J.S.A. 59:8-6, which permits public entities to adopt their own tort claim forms. Disagreeing with Wood v. County of Burlington, 302 N.J.Super. 371, 695 A.2d 377 (App.Div.1997), we hold that the notice of claim must be deemed to have been timely filed within the ninety-day period prescribed by N.J.S.A. 59:8-8 if the claimant provides the public entity with notice substantially complying with N.J.S.A. 59:8-4 whether or not the public entity has adopted its own claim form pursuant to N.J.S.A. 59:8-6, provided that the completed adopted form is filed within a reasonable time thereafter.
The issue before us arises out of the joint appeal by plaintiffs Desmond Newberry and Kristina Newberry from separate orders of the Law Division denying their separate motions for leave to file a late notice of tort claim pursuant to N.J.S.A. 59:8-9.[1] We affirm, not for the reasons relied on by the trial court or urged by defendant Township of Pemberton, but because we are persuaded the plaintiffs' notice failed to substantially comply with N.J.S.A. 59:8-4 and that that failure was unattended by any extraordinary circumstances within the intendment of N.J.S.A. 59:8-9.
The facts are not in substantial dispute. On June 8, 1997, plaintiffs, husband and wife, were injured when their automobile, driven by plaintiff Desmond Newberry and in which plaintiff Kristina Newberry was a passenger, was struck by an automobile operated by Keith D. Lightcap. The accident occurred at the intersection of Hanover Boulevard and West Lakeshore Drive in the Township of Pemberton. Plaintiffs alleged that the accident was caused by Lightcap having run a *323 stop sign, and he was indeed issued a summons on the scene by the investigating officer charging him with failure to stop.
On August 26, 1997, plaintiffs' attorney sent the Township a separate notice of claim for each purportedly complying with N.J.S.A. 59:8-4, which specifies the required contents of the claim. In apparent response to the requirement of subsection c that the claimant provide a statement of the "circumstances of the occurrence or transaction which gave rise to the claim asserted," both claim notices stated that "[c]laimant driving on West Lakeshore Drive when vehicle ran stop sign at Hanover Blvd. striking claimant's vehicle." By letter dated September 2, the Township acknowledged receipt of the notices but advised that the Township had adopted its own tort claim notice form pursuant to N.J.S.A. 59:8-6. The letter further advised of the Township's position that until its adopted form was completed and returned, it would not consider a claim to have been properly filed. The appropriate forms were enclosed for the claimants' convenience. The letter was stamped "received" by plaintiffs' attorney on September 9, just after expiration of the ninety-day period prescribed by N.J.S.A. 59:8-8 for filing the claim notice.
Plaintiffs did not complete and return the Township's adopted form until late December 1997. In their respective and identical responses to the question in the form asking for a specification of the "act or omission alleged to have caused the injury," both plaintiffs asserted that the Township and its employees were negligent "in failing to properly remove and trim the tree branches from covering the stop sign at the intersection where said accident occurred." Insofar as we are able to determine from this record, that was the first indication given by plaintiffs to the Township of the asserted basis of its liability.
In any event, the Township declined to accept the December claim notices on the ground that they were filed beyond the ninety-day limit and declined to accept the prior August notices on the ground that only notices given by way of its adopted notice of claim form were acceptable. Plaintiffs then filed these motions pursuant to N.J.S.A. 59:8-9 in January 1998 seeking leave to file a late notice. The trial judge denied the motions, reasoning that upon their receipt of the Township's adopted claim form, plaintiffs had an additional ninety-day period in which to complete and return them and had failed to do so. Plaintiffs appealed.
In affirming the denial of the late-claim motions, we reject the thesis of the trial court that claimants are accorded an additional but mandatory ninety days in which to respond to a municipality's adopted claim form. We also reject, however, the Township's claim that if a public entity has adopted its own claim form pursuant to N.J.S.A. 59:8-6, the notice of claim cannot be deemed timely filed within the prescribed ninety-day period unless the adopted claim form is used. Thus, while we recognize the right of a public entity to obtain reasonably prompt answers to the set of extensive interrogatories that the adopted form constitutes, we do not agree that the right of a claimant who has complied with N.J.S.A. 59:8-4 to proceed with the action requires completion and return of the adopted form within ninety days after accrual of the cause. In our view, the Legislature, by its adoption of N.J.S.A. 59:8-6, did not intend so impractical, burdensome and hence draconian a result.
N.J.S.A. 59:8-8 requires a claimant to give the public entity notice of the claim within ninety days after accrual of the cause of action. The mandated contents of the notice are prescribed by N.J.S.A. 59:8-4, which is designed to provide the public entity with sufficient information to enable it promptly to evaluate its liability and potential exposure and, if it chooses, to correct a defective condition and also to engage in settlement negotiations prior to the commencement of suit.[2]See, e.g., O'Neill v. City *324 of Newark, 304 N.J.Super. 543, 549, 701 A.2d 717 (App.Div.1997); Lutz v. Township of Gloucester, 153 N.J.Super. 461, 466, 380 A.2d 280 (App.Div.1977); Department of Transp. v. PSC Resources, Inc., 159 N.J.Super. 154, 160, 387 A.2d 393 (Law Div.1978). While a public entity may certainly seek additional information from the claimant pursuant to N.J.S.A. 59:8-6, we nevertheless read N.J.S.A. 59:8-4 as a legislative determination that the information it requires constitutes an adequate, even if minimal, fulfillment of the purposes of notice.
N.J.S.A. 59:8-6, entitled "Claims forms; additional evidence and information; examinations," authorizes a public entity by rule or regulation, to adopt its own claim form. That form, which must also include the information mandated by N.J.S.A. 59:8-4, is permitted to include as well a broad range of additional information, authorizations, disclosures of experts and their opinions, physical examinations and a variety of other claimant cooperation that encompasses, if indeed not exceeds, the full gamut of the discovery modes and techniques provided for by the rules of court. The question then is simply whether, if a public entity has opted to do so, its adopted claim form should be regarded as functioning in lieu of the N.J.S.A. 59:8-4 notice or as supplemental thereto. If the former, then it would necessarily follow that its completion within the prescribed ninety days would be a condition precedent to claimant's prosecution of the action unless that time period were extended pursuant to N.J.S.A. 59:8-9. If, however, the adopted form is construed as supplemental, a claimant would not be foreclosed from proceeding with the cause of action if the standard notice of N.J.S.A. 59:8-4 has been supplied, provided, of course, that a reasonably timely response to the demand for the additional information is provided even if not provided within the prescribed ninety days.
We are aware that another panel of this court, in Wood v. County of Burlington, supra, 302 N.J.Super. 371, 695 A.2d 377, has construed N.J.S.A. 59:8-6 as an in lieu provision, thus requiring the adopted notice form to be completed and filed within ninety days in order to preserve the claimant's right to proceed. See also Navarro v. Rodriguez, 202 N.J.Super. 520, 529, 495 A.2d 476 (Law Div.1984). We are constrained to disagree.
We start with these propositions. First, as the Supreme Court has instructed in Feinberg v. State, 137 N.J. 126, 135, 644 A.2d 593 (1994), albeit in a different tort-claims context,[3] "[n]othing in the [Tort Claims] Act evinces the legislative intent that governmental entities, whether intentionally or unintentionally, should be able to impale a diligent claimant on the Act's technical requirements for notification." Second, is the corollary principle that if the notification timely fulfills the purposes of notificationas a notice under N.J.S.A. 59:8-4 does by definitionthe right of the public entity to demand additional information should not rise to the level of a jurisdictional superimposition on the ninetyday requirement. Denying it that status does not prejudice the public entity's right to know the essential contours of the claim on a timely basis. According it that status, however, imposes on the claimant an inappropriate burden that we believe the Legislature did not intend.
That conclusion is inevitable from the mere review of the adopted form here. Candidly calling the questions "interrogatories," it requests the full discovery that a plaintiff is obliged to produce in litigationnot within the one hundred and fifty days following the joinder of issue after the action is commenced as provided by R. 4:24-1, but within ninety days after accrual of the cause of *325 action. A claimant's ability to do so requires that within that three-month period, an attorney is retained and the claimant has sufficiently recovered from injuries to attend to legal matters. It also requires liability and damages investigations to have been completed, expert reports to have been obtained, and all the other litigation preparation that normally consumes many months to have been accomplished or well on the way to accomplishment. In the context of the litigation process, we regard it as beyond legislative contemplation that a claimant must provide all of that discovery to a public entity within ninety days after the accident, not as a matter of seeking a litigation remedy, but only for the purpose of protecting the right to proceed.
We are further troubled by the practical effect of the Wood holding. That is to say, the Legislature has afforded claimants ninety days in which to file the notice of claim and has prescribed standard notice contents. We think it clear that the ninety-day period would be effectively reduced if the adopted notice also had to be filed within the ninety days. No attorney or lay member of the public could possibly ascertain the noticecontent requirements simply by referring to the statutesomething one should be able to do. Rather, an inquiry of the public entity would first have to be made in every case to determine whether it has an adopted form, and the adopted form would then have to be sent to the claimant and then reviewed, and then, most likely, a great deal of information not yet available in the normal course of litigation preparation would have to be assembled. In our view, there is nothing in the purpose, policy or text of the Tort Claims Act that mandates such a burden on claimants, particularly since it affords no legitimate concomitant benefit to the public entity in terms of the purposes of prompt notification.
We further point out that prior to Wood, it was routinely assumed that compliance with N.J.S.A. 59:8-4 was all that was necessary to protect a claimant's right of action. Thus, as we held in Tuckey v. Harleysville Ins. Co., 236 N.J.Super. 221, 225, 565 A.2d 419 (App. Div.1989), "substantial compliance with the requirements of N.J.S.A. 59:8-4 is all that is required in order to perfect a claim." And we so held even where there was an adopted form, which we routinely assumed to be supplemental in character and purpose. Thus in Guerrero v. City of Newark, 216 N.J.Super. 66, 72, 522 A.2d 1036 (App.Div. 1987), we held that a timely notice substantially complying with N.J.S.A. 59:8-4 was sufficient to preserve the claim despite deficiencies in the response to the supplemental form. And in Murray v. Brown, 259 N.J.Super. 360, 365, 613 A.2d 502 (Law Div.1991), the trial court, noting that "[t]he claim notification provisions of the act were not intended to serve as a trap for the unwary," held that the claim was perfected by the timely filing of a notice substantially complying with N.J.S.A. 59:8-4 even though the specialized claim form, not filed until six months after the accident, was not completely responded to. Consequently, we are of the view that Wood, to the extent it requires filing of the specialized form within ninety days, substantially deviates from our prior jurisprudence.
We do not doubt claimants must, in the end, provide the broad range of additional information sought by the specialized notice. The statute so requires. But it must be provided on a reasonable basis, and we have no doubt that the measure of reasonableness in this context is circumstantial, determined by the complexity of the liability and damages claims and the breadth of the discovery demanded. There are mechanisms other than barring the action to ensure a claimant's reasonable diligence, including negotiations between the parties and court intervention if necessary. We do not, however, find any warrant in the statute or otherwise for imposing an additional ninety-day discovery limit as the trial judge did here.
Our determination that the filing with the public entity of a notice complying with N.J.S.A. 59:8-4 preserves the right to proceed does not, however, end the matter. We think it plain that in order for that notice to have that effect, it must substantially comply with the statutory content requirements. See, e.g., Small v. Department of Corrections, 243 N.J.Super. 439, 445, 579 A.2d 1263 (App.Div.1990); Abel v. City of Atlantic City, 228 N.J.Super. 360, 366, 549 A.2d 894 (App. *326 Div.1988), certif. denied, 114 N.J. 477, 555 A.2d 604 (1989); Dambro v. Union County Park Comm., 130 N.J.Super. 450, 459, 327 A.2d 466 (Law Div.1974). We are constrained to conclude that this notice failed to do so. We are satisfied that at the very least a notice, in order to comply with N.J.S.A. 59:8-4c, must give some indication of the asserted basis of the public entity's liability. That is, of course, the primary information the notice is intended to provide in order to permit the public entity promptly to investigate the claim. All this notice said was that the claimants were struck by a vehicle running a stop sign. We agree with the Township that the notice failed to give it any reasonable clue as to what act or omission might have made it liable for that unfortunate occurrence. It was not until six months after the accident that the Township was first apprised of the possibility that the stop sign might have been obscured by foliage that was within its obligation to trim. That information came to it too late.[4]Compare Guerrero v. City of Newark, supra, 216 N.J.Super. at 66, 522 A.2d 1036, in which we pointed out that the original N.J.S.A. 59:8-4 notice had identified a malfunctioning traffic light as the cause of the intersection accident giving rise to the claim.
With respect to the motions for leave to file a late notice under N.J.S.A. 59:8-9, we need merely reiterate that as a result of the 1994 amendment of that statute by L. 1994, c. 49, § 5, a plaintiff is required to show extraordinary circumstances for the failure to have timely filed. By that amendment, the Legislature made clear its intent to impose a stricter standard for late filings than the former more lenient one of "sufficient reasons." See generally Blank v. City of Elizabeth, 318 N.J.Super. 106, 723 A.2d 75 (App. Div.1999); Epstein v. State, 311 N.J.Super. 350, 359-360, 709 A.2d 1353 (App.Div.), certif. denied, 155 N.J. 589, 715 A.2d 992 (1998); O'Neill, 304 N.J.Super. at 553, 701 A.2d 717; Ohlweiler v. Township of Chatham, 290 N.J.Super. 399, 404, 675 A.2d 1176 (App.Div.1996). There was no showing of extraordinary circumstances here justifying the inadequacy of the N.J.S.A. 59:8-4 notice. That being so, the motions were properly denied.
The orders appealed from are affirmed.
NOTES
[1] We note that technically a joint appeal was not warranted because, although the cause of action of these plaintiffs, who are married to each other, arose out of the same automobile accident and although they were represented by the same attorneys, their attorneys chose to file separate notices of tort claim as well as separate motions for leave to file a late claim. R. 2:3-3 authorizes a joint appeal only when the appellants are "interested jointly, severally or otherwise in a judgment, order, decision or action." These appellants are not interested in the same order because a separate order was entered as to each. Nevertheless, because of the degree of commonality and the identity of the facts, procedure and issues on appeal, it would be an injustice to regard only the first named appellant as having properly appealed. Moreover, although defendant asserts in its brief that it is only Desmond Newberry who should be considered an appellant, it never moved this court for that determination, and it is clearly not prejudiced by this de facto joint appeal.
[2] N.J.S.A. 59:8-4 provides that the notice shall include:

a. The name and post office address of the claimant;
b. The post-office address to which the person presenting the claim desires notices to be sent;
c. The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted;
d. A general description of the injury, damage or loss incurred so far as it may be known at the time of presentation of the claim;
e. The name or names of the public entity, employee or employees causing the injury, damage or loss, if known; and
f. The amount claimed as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed.
[3] The issue in Feinberg was the identity of the entity and its representative to be served with the tort claim notice.
[4] There is no suggestion here that plaintiffs did not know or were not chargeable with knowledge of that possible cause of Lightcap's running the stop sign within the ninety days following the accident. Compare Blank v. City of Elizabeth, 318 N.J.Super. 106, 723 A.2d 75 (App.Div. 1999).