970 A.2d 399 (2009)
407 N.J. Super. 204
Dinesha LEBRON, Plaintiff-Appellant,
v.
Luis SANCHEZ, Carmen Vargas and City of Camden, Defendants, and
Camden City Board of Education, and Sharpe Elementary School, Defendants-Respondents.
No. A-5125-07T1
Superior Court of New Jersey, Appellate Division.
Argued April 22, 2009.
Decided May 21, 2009.
*401 Michael L. Simonini, Gibbsboro, argued the cause for appellant (Mitchell Lee Goldfield Law Office, attorneys; Mr. Goldfield, on the brief).
Charles P. Savoth, III, Edison, argued the cause for respondents Camden City Board of Education and Sharpe Elementary School (Methfessel & Werbel, attorneys; Mr. Savoth, on the brief).
Before Judges PARRILLO, LIHOTZ and MESSANO.
The opinion of the court was delivered by
LIHOTZ, J.A.D.
We are asked to review questions regarding the sufficiency of detail required in a notice of claim submitted to a public entity, pursuant to the New Jersey Tort Claims Act (the Act), N.J.S.A. 59:1-1 to 12-3. Plaintiff Dinesha Lebron, formerly known as Dinesha Mobley, appeals from summary judgment and dismissal of her complaint with prejudice against defendants Camden City Board of Education and Sharpe Elementary School (collectively Board). Plaintiff's suit sought damages resulting from injuries incurred more than ten years ago when she was an elementary school student. Plaintiff had served a tort claims notice on the Board within ninety days of the date of the accident. This was the only notice given. After attaining the age of majority, plaintiff filed her civil action asserting various legal bases for relief. The Board maintained plaintiff's *402 tort claims notice was defective because the general statements contained in the document failed to sufficiently advise the public entity of the theories of liability now asserted in plaintiff's complaint. The Board argued plaintiff should have filed a more detailed notice of claim delineating her alleged legal bases for the Board's liability within ninety days following her eighteenth birthday. The motion judge agreed and dismissed plaintiff's complaint against the Board for failure to comply with N.J.S.A. 59:8-8.
Our review determines plaintiff's notice adequately afforded notice of her injury to the Board in compliance with the Act. We reject the Law Division's narrow interpretation of the statutory notice requirements set forth in N.J.S.A. 59:8-4. We also conclude plaintiff had no obligation to file an amended notice under the Act despite the passage of time between the first served notice and the filing of the Law Division action. Accordingly, we reverse the order filed June 9, 2008, and reinstate plaintiff's complaint against the Board.
The facts are derived from evidence submitted by the parties in support of and in opposition to the summary judgment motion, viewed in a light most favorable to plaintiff. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523, 666 A.2d 146 (1995).
On March 8, 1995, while walking home from school, plaintiff was struck by an automobile at the intersection of North 34th Street and River Road in Camden. At that time, plaintiff was a student at Sharpe Elementary School. The school day regularly concluded at 2:25 p.m. and the posted crossing guards departed their stations at 3:15 p.m. On that day, plaintiff was attending the first session of an after-school reading program scheduled to end at 4:00 p.m. Apparently, the students were released before 4:00 p.m. Plaintiff and two boys walked home. She believed a teacher may have assisted the three students as they crossed the street. At 3:45 p.m., plaintiff was struck by a car driven by defendant Luis Sanchez. The police report stated plaintiff was unable to make a statement following the accident but included a descriptive statement of the incident from Sanchez.
On April 4, 1995, a notice, as required by N.J.S.A. 59:8-4, was transmitted to the Board and the City of Camden. The notice listed plaintiff's name and address as claimant and provided the name and address of her then attorney. Under section "C. Occurrence" the notice stated:
On or about March 8, 1995, claimant Dinesha Mobley was leaving school on her way home, when she attempted to go across the street, claimant was struck by a[n] automobile at or near the 3000 block of River Road. In the city and county of Camden, there was no crossing guard at the time of the accident.
Additionally, the notice stated plaintiff suffered a broken ankle, swollen face and various other physical injuries for which she sought $1,000,000 in damages.
Thereafter, the New Jersey School Board Association Insurance Group transmitted its own "Notice of Claim" form to plaintiff. On plaintiff's behalf, her father, William Lebron, completed the informational request and submitted answers to the additional questions. When describing "how the accident or occurrence happened," the response stated: "Dinesha Moble[y] (minor) was coming out of school[], no crossing guard at the time she went to go cross the street when a vehicle hit her." Plaintiff identified the Board as the public entity that caused her damages. In response to a question seeking the name and address of all witnesses, the reply was "none." Also, plaintiff listed her *403 medical providers. Finally, the answer "Crossing guard" followed the question: "State, in detail, each and every alleged negligent or wrongful act of the Public Entities and Public Employees, previously noted, which caused your damage."
On July 2, 2004, Lebron, individually and as guardian ad litem for plaintiff, filed a Law Division action against defendants Luis Sanchez, Carmen Vargas, the Board, City of Camden, and John Doe (a fictitious name), I/J/S/A.[1] Presumably, discovery commenced. The matter was withdrawn without prejudice before arbitration on November 2, 2005.[2]
After engaging new counsel, plaintiff filed this matter within two years of her eighteenth birthday. The multi-count complaint asserts the Board's liability for negligent supervision, its failure to watch, protect and safeguard students, and its failure to provide a crossing guard. In the litigation, plaintiff answered interrogatories in which she elaborated on the factual bases underlying her theories of liability. Facts not disclosed in her 1995 notice included: the after-school program sent a letter to plaintiff's parents advising dismissal was 4:00 p.m.; a teacher may have assisted the children crossing a street; plaintiff's next door neighbor, "Maria," witnessed the accident and summoned plaintiff's parents who arrived at the scene; and Carmen Medina was a witness.
The Board filed a motion for summary judgment, asserting plaintiff's tort claims notice was deficient. The Board reasoned, "[s]ince the allegation was that a [c]rossing [g]uard was not present, and since the Board [] has nothing to do with the hiring or assignments of [c]rossing [g]uards, the Board made no further investigations," believing it had no liability. The Board argued plaintiff's newly asserted causes of action, supported by previously undisclosed facts, required her to file a new tort claims notice within ninety days after turning eighteen. Therefore, plaintiff's failure to do so prejudiced the Board and warranted dismissal of her suit.
The motion judge concluded plaintiff's tort claims notice "failed to advise the Board [] that a claim was being made against them for anything other than liability related to the crossing guard issue." Because the notice failed to advise the Board of the bases for its potential liability, the motion judge concluded plaintiff had not substantially complied with the notice requirements of the Act, resulting in a fatal bar to the presentation of most of her causes of action. After limiting plaintiff's action solely to the failure to post a crossing guard, judgment was entered for the Board because the duty to post crossing guards rests with the City. See N.J.S.A. 40A:9-154.1 (municipal appointment of crossing guards); N.J.S.A. 40A:9-154.4 (police assignment of crossing guards).[3]
On appeal, plaintiff maintains her notice sufficiently gave the Board a full factual recitation of the accident and adequate notice of her injury. Notwithstanding the notice, the Board failed to conduct an investigation regarding its liability. Alternatively, plaintiff argues the 1995 notice substantially complied with the requirements of the Act, and the delineation of each alleged civil cause of action is neither *404 mandatory nor necessary. Moreover, the Board's motion for summary judgment presented no credible evidence to support a claim of prejudice.
In deciding a summary judgment motion, the trial court's "`function is not ... to weigh the evidence and determine the truth ... but to determine whether there is a genuine issue for trial.'" Brill, supra, 142 N.J. at 540, 666 A.2d 146 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986)). In making this determination, the trial judge must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Ibid.
We apply the same standard as the trial court. Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J.Super. 162, 167, 704 A.2d 597 (App.Div) (citing Antheunisse v. Tiffany & Co., Inc., 229 N.J.Super. 399, 402, 551 A.2d 1006 (App. Div.1988), certif. denied, 115 N.J. 59, 556 A.2d 1206 (1989)), certif. denied, 154 N.J. 608, 713 A.2d 499 (1998). If there is no genuine issue of fact, we then decide whether the Law Division's ruling on the law was correct. Ibid. We must consider the correctness of the Law Division's decision based only on the case as it unfolded to the point of the motion, including evidential materials submitted on that motion. Bilotti v. Accurate Forming Corp., 39 N.J. 184, 188, 188 A.2d 24 (1963).
Although factual disputes exist regarding the events surrounding plaintiff's accident, they are not material to the issues before this court on appeal. We view the questions as legal ones requiring us to discern the adequacy of the content of a plaintiff's tort claims notice. The Board does not dispute it received plaintiff's 1995 notice. Rather, it challenges the sufficiency of the notice received. Our discussion is guided by the provisions of and principles underlying the Act.
The Act bars civil actions against public entities unless certain procedures are strictly followed. N.J.S.A. 59:8-3; Hawes v. N.J. Dep't of Transp., 232 N.J.Super. 160, 164, 556 A.2d 1224 (Law Div.), aff'd, 232 N.J.Super. 159, 556 A.2d 1224 (App. Div.1988). Prior to filing a complaint, a plaintiff must submit a notice of claim to the public entity within ninety days of the claim's accrual, N.J.S.A. 59:8-8(a), and must file suit within two years after the claim's accrual, N.J.S.A. 59:8-8(b). Beauchamp v. Amedio, 164 N.J. 111, 121, 751 A.2d 1047 (2000). However, when a child suffers an injury, an action may be commenced within two years of his or her eighteenth birthday. N.J.S.A. 59:8-8.
The contents of a notice of claim submitted to the public entity must include:
a. The name and post office address of the claimant;
b. The post-office address to which the person presenting the claim desires notices to be sent;
c. The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted;
d. A general description of the injury, damage or loss incurred so far as it may be known at the time of presentation of the claim;
e. The name or names of the public entity, employee or employees causing the injury, damage or loss, if known; and
f. The amount claimed as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation *405 of the claim, together with the basis of computation of the amount claimed.
[N.J.S.A. 59:8-4.]
The statute reflects "a legislative determination that the information it requires constitutes an adequate, even if minimal, fulfillment of the purposes of notice." Newberry v. Tp. of Pemberton, 319 N.J.Super. 671, 676, 726 A.2d 321 (App. Div.1999). A public entity receiving a notice of claim may request additional information from the claimant. N.J.S.A. 59:8-6; Guerrero v. City of Newark, 216 N.J.Super. 66, 69, 522 A.2d 1036 (App.Div. 1987). This assures full and fair disclosure of information to the public entity "`of information necessary for the orderly and expedient administrative disposition of claims.'" Ibid. (quoting 1972 Task Force Comment on N.J.S.A. 59:8-6.)
Giving notice to a public entity of potential liability for an accident or injury is designed to achieve the following goals:
"(1) to allow the public entity at least six months for administrative review with the opportunity to settle meritorious claims prior to the bringing of suit; (2) to provide the public entity with prompt notification of a claim in order to adequately investigate the facts and prepare a defense; (3) to afford the public entity a chance to correct the conditions or practices which gave rise to the claim; and (4) to inform the State in advance as to the indebtedness or liability that it may be expected to meet."
[Velez v. City of Jersey City, 180 N.J. 284, 290, 850 A.2d 1238 (2004) (quoting Beauchamp, supra, 164 N.J. at 121-22, 751 A.2d 1047) (internal quotations and citations omitted).]
See also Comment on N.J.S.A. 59:8-3; Lamb v. Global Landfill Reclaiming, 111 N.J. 134, 145-46, 543 A.2d 443 (1988); Pilonero v. Tp. of Old Bridge, 236 N.J.Super. 529, 533, 566 A.2d 546 (App.Div.1989); Lutz v. Tp. of Gloucester, 153 N.J.Super. 461, 466, 380 A.2d 280 (App.Div.1977). "In keeping with these goals, N.J.S.A. 59:8-4 is `designed to provide the public entity with sufficient information to enable it promptly to evaluate its liability and potential exposure and, if it chooses, to correct a defective condition and also to engage in settlement negotiations prior to the commencement of suit.'" Henderson v. Herman, 373 N.J.Super. 625, 634, 862 A.2d 1217 (App.Div.2004) (quoting Newberry, supra, 319 N.J.Super. at 675, 726 A.2d 321).
The Act's notice requirement is not intended as "`a trap for the unwary.'" Lowe v. Zarghami, 158 N.J. 606, 629, 731 A.2d 14 (1999) (quoting Murray v. Brown, 259 N.J.Super. 360, 365, 613 A.2d 502 (Law Div.1991)). In fact, the Court has observed the "`notice of claim' referred to in N.J.S.A. 59:8-8 is really a misnomer[,]" and, "is more properly denominated as a notice of injury or loss." Beauchamp, supra, 164 N.J. at 121, 751 A.2d 1047. Thus, substantial rather than strict compliance with the notice requirements of the Act may satisfactorily meet the statute's mandates.
Courts have invoked the equitable doctrine of substantial compliance to prevent barring legitimate claims due to technical defects. Henderson, supra, 373 N.J.Super. at 637, 862 A.2d 1217; Newberry, supra, 319 N.J.Super. at 679, 726 A.2d 321; Tuckey v. Harleysville Ins. Co., 236 N.J.Super. 221, 225, 565 A.2d 419 (App. Div.1989); Guerrero, supra, 216 N.J.Super. at 72, 522 A.2d 1036. The remedy "temper[s] the draconian results" wrought by a dismissal with prejudice resulting from "an inflexible application of the statute." Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144, 151, 836 A.2d 779 (2003). "To put it another way, substantial *406 compliance means that the notice has been given in a way, which though technically defective, substantially satisfies the purposes for which notices of claims are required." Lameiro v. W. N.Y. Bd. of Educ., 136 N.J.Super. 585, 588, 347 A.2d 377 (Law Div.1975).
The doctrine requires the moving party to show: (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim; and (5) a reasonable explanation why there was not strict compliance with the statute.
[Ferreira, supra, 178 N.J. at 151, 836 A.2d 779 (internal citations and quotations omitted).]
We now apply those principles in our examination of the matter at hand.
The challenge presented addresses the statement contained in subsection C of plaintiff's 1995 notice, which reflects the information to be revealed by subsection (c) of the statute. Plaintiff's notice identified the date and place she was struck by Sanchez's automobile, disclosed the accident occurred while she walked home from school, and stated the intersection was unmanned by a crossing guard. The Board asserts, as it did before the motion judge, the document contains insufficient information to inform it of potential liability for negligent supervision because the single negligent act related imposed no duty on the Board. Additionally, the Board argues plaintiff was compelled to file either a new or an amended notice of claim, enumerating all asserted causes of action, within ninety days of her eighteenth birthday. See Vedutis v. Tesi, 135 N.J.Super. 337, 341, 343 A.2d 171 (Law Div.1975), aff'd o.b., 142 N.J.Super. 492, 362 A.2d 51 (App. Div.1976) (infant plaintiff may file a notice of claim within ninety days of reaching the age of majority by virtue of the savings clause in N.J.S.A. 59:8-8). Implicit in these challenges is that the lack of notice negated the Board's right to promptly pursue an investigation of the possible liability identified in the notice.
On one prior occasion, this court examined a challenge to the sufficiency of the disclosure of an entity's liability set forth in a plaintiff's tort claims notice. In Newberry, supra, we stated: "at the very least a notice ... must give some indication of the asserted basis of the public entity's liability. That is, of course, the primary information the notice is intended to provide in order to permit the public entity promptly to investigate the claim." 319 N.J.Super. at 680, 726 A.2d 321. The plaintiffs in Newberry sent notices that merely stated "the claimants were struck by a vehicle running a stop sign." Ibid. In that instance
[w]e agree[d] with the Township that the notice failed to give it any reasonable clue as to what act or omission might have made it liable for that unfortunate occurrence. It was not until six months after the accident that the Township was first apprised of the possibility that the stop sign might have been obscured by foliage that was within its obligation to trim. That information came to it too late.
[Ibid.]
Here, the Board's arguments are remarkably similar. The Board notes plaintiff's notice, along with her responses to the Board's additional informational requests, described the circumstances of the accident and suggested liability resulted from the absence of a crossing guard. Without more, the Board insists it could not discover its possible liability for negligent supervision. We find these arguments unpersuasive. Moreover, the facts *407 at hand are distinguishable from those presented in Newberry.
Plaintiff's notice unequivocally responded to the six items listed in N.J.S.A. 59:8-4. Plain and simple, plaintiff, then a nine-year-old elementary school student, was struck by a car as she left school. Although the notice noted the lack of a guarded intersection as a basis of liability, overall, the information conveyed sufficient facts to prompt the Board's investigation of its potential liability. Unlike the plaintiff's notice in Newberry, which recounted no nexus between the third party accident and the municipality, plaintiff stated she was a minor elementary school student injured as she left school. These facts alone raise questions surrounding the Board's actions and inactions in fulfilling its duty to students, regardless of its lack of accountability to post crossing guards.
A school board's responsibility to assure the safety and care of students is well settled. "Although the overarching mission of a board of education is to educate, its first imperative must be to do no harm to the children in its care." Frugis v. Bracigliano, 177 N.J. 250, 268, 827 A.2d 1040 (2003). "[P]arents entrust their children to the care of schools, and [e]ducators have [n]o greater obligation ... than to protect the children in their charge from foreseeable dangers, whether those dangers arise from the careless acts or intentional transgressions of others." Jerkins ex rel. Jerkins v. Anderson, 191 N.J. 285, 296, 922 A.2d 1279 (2007) (internal quotations and citations omitted). "School officials have a general duty `to exercise reasonable supervisory care for the safety of students entrusted to them, and [are accountable] for injuries resulting from failure to discharge that duty.'" Ibid. (quoting Caltavuturo v. City of Passaic, 124 N.J.Super. 361, 366, 307 A.2d 114 (App. Div.1973) certif. denied, 63 N.J. 583, 311 A.2d 6 (1973)). "This duty may be violated, not only in the commission of acts but also in a neglect or failure to act." Caltavuturo, supra, 124 N.J.Super. at 366, 307 A.2d 114 (citing Titus v. Lindberg, 49 N.J. 66, 73, 228 A.2d 65 (1967)).
"It logically flows from ... the caretaker role the school assumes, that school officials must reasonably supervise children throughout the school day, including dismissal time." Jerkins, supra, 191 N.J. at 296, 922 A.2d 1279. The Court has concluded schools must exercise a duty of reasonable care for supervision of its students, which encompasses the duty to guard against the attendant risk and potential dangers children face at school dismissal. Id. at 289, 922 A.2d 1279.
Younger children, in particular, are unable to understand and appreciate the perils that may threaten their safe being. Indeed, children have a known proclivity to act impulsively without thought of the possibilities of danger, and it is precisely that lack of mature judgment which makes supervision so vital. Because a nine-year-old child may have difficulty appreciating and understanding dangers, the risk of harm to such a child without supervision is significant. The nature of that risk, which is reduced by supervision, supports the existence of a duty of care at dismissal.
[Id. at 296-97, 922 A.2d 1279 (internal quotations, corrections and citations omitted).]
Again, plaintiff's notice informed the Board she was injured upon leaving school. The police report stated the accident occurred at 3:45 p.m., which immediately raises the question, why was plaintiff in school beyond the normal 2:25 p.m. dismissal? The Board's records would reflect plaintiff was attending a sanctioned after-school reading program, scheduled to end at 4:00 p.m. The knowledge that the accident *408 occurred before the anticipated dismissal time of the reading assistance program should have triggered a review of the potential liability surrounding the early release of a student who had been entrusted to the school's care until 4:00 p.m.
Plaintiff's notice listed the minimal facts to be related to the Board, that is, a general description of her injuries, damages and losses. Estate of Soberal v. City of Jersey City, 529 F.Supp.2d 477, 500 (D.N.J.2007). The Act, including the mandated notice provisions of N.J.S.A. 59:8-4, does not require that a tort claims notice must recite the legal theories a claimant will raise in the attempt to recover for his or her injuries, damages, and losses. The description provided in plaintiff's notice gave the Board "`sufficient information to enable it promptly to evaluate its liability and potential exposure[.]'" Henderson, supra, 373 N.J.Super. at 634, 862 A.2d 1217 (quoting Newberry, supra, 319 N.J.Super. at 675, 726 A.2d 321). Further, the Board was free to pursue additional discovery during the six-month investigatory period. N.J.S.A. 59:8-6. If deficiencies in the notice were uncovered, justice and fairness require plaintiff to be advised, not ignored. Murray, supra, 259 N.J.Super. at 365, 613 A.2d 502.
Additionally, we reject the Board's alternative argument that plaintiff should have amended or refiled her notice to include the specific negligent supervision claims within the ninety-day period following her eighteenth birthday. The Board does not identify, and our research was unsuccessful in locating, legal precedent supporting a proposition that requires a plaintiff to refile or amend a notice to provide such specificity. The notice was served timely and contained all information mandated by the statute. Nothing more is necessary. See Estate of Soberal, supra, 529 F.Supp.2d at 499; Henderson, supra, 373 N.J.Super. at 633, 862 A.2d 1217.
We also agree with plaintiff that the Board has not presented evidence to support a claim of prejudice by the lack of detail in the 1995 notice. More than a sweeping generalization is necessary. Leidy v. County of Ocean, 398 N.J.Super. 449, 463, 942 A.2d 112 (App.Div.2008); Escalante v. Tp. of Cinnaminson, 283 N.J.Super. 244, 253, 661 A.2d 837 (App. Div.1995). The Board's challenge actually is aimed to the sufficiency of plaintiff's evidence or her ability to support her "belief" that a teacher "may have" assisted her and the boys in crossing the street. That issue is not before us, but rather left for the jury's evaluation. We are concerned only with the adequacy of the tort claims notice.
Although not raised on appeal, we believe an additional basis to deny the Board's motion arises from its failure to elicit this defense in the first filed litigation. At no time in that matter did the Board assert noncompliance with the notice provision of the Act or question the sufficiency of the notice. The Board waited until the close of discovery in this action to assert such a jurisdictional defense, suggesting its efforts to discover the details surrounding plaintiff's claims were impeded by the insufficient notice. We conclude it is unfair for the Board to raise such a technical defense at this late date.
In summary, plaintiff's failure to expressly identify negligent supervision as a basis of liability in her 1995 tort claims notice did not deprive the Board of its opportunity to understand the basis of its potential liability for breach of the duty owed to its young student. The purposes of the Act's notification requirementsto inform the Board of plaintiff's accident and alleged personal injurieswere satisfied. *409 R.L. v. State-Operated Sch. Dist., 387 N.J.Super. 331, 339, 903 A.2d 1110 (App.Div.2006). Moreover, we conclude the Board's receipt of plaintiff's tort claims notice should have prompted, rather than impeded, the commencement of an investigation. We also conclude a plaintiff who files an adequate timely tort claims notice is not required to refile or amend that notice to more specifically state the legal theories of liability intended to be pursued in a civil action.
Reversed and remanded for entry of an order reinstating plaintiff's complaint in accordance with this opinion.
NOTES
[1] The vehicle was owned by and registered to defendant Carmen Vargas.
[2] The record includes only the complaint filed in the initial action on July 2, 2004, under Docket No. CAM L-003703-04.
[3] We note the parties stipulated to dismiss defendant City of Camden on February 5, 2008.