**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3692-18T4

EILEEN MARTINEZ,

     Plaintiff-Respondent,

v.

CITY OF HOBOKEN,

     Defendant-Appellant.

_____

Submitted December 4, 2019 – Decided December 16, 2019

Before Judges Haas and Mayer.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0250-19.

Pawar Gilgallon & Rudy, LLC, attorneys for appellant (Vijayant Pawar, on the briefs).

Anglin Rea & Cahalane, PA, attorneys for respondent (Patrick H. Cahalane, on the brief).

PER CURIAM

Defendant City of Hoboken (City) appeals from a March 1, 2019 order deeming a March 20, 2018 notice of tort claim filed by plaintiff Eileen Martinez sufficient under N.J.S.A. 59:8-8 of the Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3. We affirm.

The facts leading to plaintiff's filing of a notice of tort claim are as follows. Plaintiff fell into a pothole on a street maintained by Hoboken on the morning of March 20, 2018, injuring her foot. The same day, plaintiff messaged the City's 311 online reporting system. Identifying herself by her username, "Eileen623," plaintiff notified the City of the time, location, cause, nature, and extent of her injury. Plaintiff's written 311 online reporting system message stated:

> I would like to address the horrible pothole situation all thru Washington St. put (sic) in particular on the corner of 9th and Washington St. On the morning of March 20th 2019 (sic) at 8:10 [a.m.] crossing the street to catch the bus watching cars turning to make sure [I] didn't get hit by [a] car[,] my foot went into a pothole and [I] hurt my foot. Had to go to Hoboken University to get it treated. Had to miss a day of school because of this. Something needs to [be] done about the potholes on Washington St[.] [as soon as possible]. I was only allowed to upload [one] picture but have many more. If you need more pictures[,] your (sic) more then (sic) welcome to contact me.

A-3692-18T4

Plaintiff also attached photographs of her injured foot and the pothole. Plaintiff included a comment with the pothole photograph that stated: "These are the conditions of Washington St[.] all thru Washington St. An[d] due to these conditions that only keeps getting worse [I] suffered left foot injury."

Plaintiff did not include her full name and address in her 311 online submission to the City. Nor did she sign the message other than to identify her username, "Eileen 623." Two days after receiving plaintiff's message, the City sent an email to plaintiff, acknowledging her submission and assigning a tracking number.

Six months after she fell, plaintiff retained counsel. On October 10, 2018, plaintiff's counsel notified the City of plaintiff's injury and stated plaintiff complied with the TCA by submitting information to the City's 311 online reporting system on March 20, 2018. The attorney asked if the City had a specific notice of claim form to proceed with plaintiff's claim. Counsel also asked if the City considered plaintiff's March 20 notice deficient or non-compliant with the TCA. The City forwarded its official notice of claim form to plaintiff's counsel. However, it did not advise whether it deemed plaintiff's March 20 notice deficient or non-compliant with the TCA. Plaintiff's counsel

submitted the completed official notice of claim form to the City five days after receipt of the document.

Because she received no response from the City regarding acceptance of her notice of claim, in January 2019, plaintiff filed a motion to deem her March 20, 2018 notice sufficient. Alternatively, plaintiff requested permission to file a late notice of tort claim.

The City opposed the motion and submitted a certification from the City's Director of Environmental Services. According to the certification, the City "did not receive a tort claim notice from plaintiff until after October 15, 2018 (seven months after the accident)." The certification also stated the City "was unable to properly investigate any claim of plaintiff['s]" before October 15, 2018, and the City "could not have an expert opine about any alleged defect at the time of the accident as road conditions significantly change over seven (7) months in the City due to weather, traffic, snow-plowing and the passage of time." The City contended it was "severely prejudiced in its ability to properly investigate and defend any claim by plaintiff."

After reviewing the motion papers, the motion judge determined plaintiff's March 20 notice substantially complied with the TCA. The judge's typed notation on the order stated:

> The text notification on or about the day of the accident contained sufficient information as to the type of accident, the location, the alleged cause and the nature of the injuries to substantially comply with the tort claim notice requirements. See Guerrero v. City of Newark, 21[6] N.J. Super. 66 (App. Div. 1987). Moreover, the City sent out claim forms to counsel well after the [ninety]-day period expired and the forms were completed and adequately supplemented the text notification so as to comply with N.J.S.A. 59:8-9.

On appeal, defendant argues the judge erred in deeming plaintiff's March 20, 2018 notice, sent through the City's 311 online message reporting system, substantially complied with the requirements of the TCA.

We review a decision from an order finding substantial compliance with the TCA for abuse of discretion. See D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 147 (2013). Such a decision "will be sustained on appeal in the absence of a showing of an abuse thereof." Lamb v. Global Landfill Reclaiming, 111 N.J. 134, 146 (1988).

Pursuant to the TCA, a person may not bring an action against a public entity unless the person presents the public entity with a notice of claim within ninety days after the cause of action accrued. N.J.S.A. 59:8-8 to -9. Plaintiff contended her March 20, 2018 message to the City's 311 online reporting system was filed within ninety days of her injury and substantially complied with the TCA.

5

N.J.S.A. 59:8-4, entitled "Contents of claim," provides that a claim under the TCA shall include:

> a. The name and post office address of the claimant;
>
> b. The post-office address to which the person presenting the claim desires notices to be sent;
>
> c. The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted;
>
> d. A general description of the injury, damage or loss incurred so far as it may be known at the time of presentation of the claim;
>
> e. The name or names of the public entity, employee or employees causing the injury, damage or loss, if known; and
>
> f. The amount claimed as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed.

The notice requirements of the TCA are "not intended as 'a trap for the unwary.'" Lebron v. Sanchez, 407 N.J. Super. 204, 215 (App. Div. 2009) (quoting Lowe v. Zarghami, 158 N.J. 606, 629 (1999)). The TCA's notice requirements are "more properly denominated as a notice of injury or loss." Beauchamp v. Amedio, 164 N.J. 111, 121 (2000). Therefore, "substantial rather

A-3692-18T4

than strict compliance with the notice requirements of the [TCA] may satisfactorily meet the statute's mandates."  Lebron, 407 N.J. Super. at 215.

The doctrine of substantial compliance is an equitable doctrine intended

> "to avoid the harsh consequences that flow from technically inadequate actions that nonetheless meet a statute's underlying purpose."  Thus, the doctrine operates "to prevent barring legitimate claims due to technical defects."  In general, it rests on a demonstration that a party took "a series of steps . . . to comply with the statute involved," and those steps achieved the statute's purpose, as for example, providing notice.  Even so, the doctrine can only apply if there is no prejudice to the other party and if there is "a reasonable explanation why there was not strict compliance with the statute."
>
> [County. of Hudson v. State, Dep't of Corr., 208 N.J. 1, 21-22 (2011) (alteration in original) (citations omitted).]

To warrant application of the doctrine of substantial compliance, the moving party must show: (1) the lack of prejudice to the defendant party; (2) steps taken to comply with the statute; (3) a general compliance with the purpose of the statute; (4) reasonable notice of a plaintiff's claim; and (5) a reasonable explanation by the moving party for why there was no strict compliance with the statute.  Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144, 151 (2003).

7

Here, the City failed to show prejudice and plaintiff provided a reasonable explanation for her lack of strict compliance with the TCA's notice of claim requirements.

We first consider plaintiff's explanation for her failure to strictly comply with the TCA's notice of claim requirements. On March 20, 2018, in her 311 message to the City's online reporting system, plaintiff provided the date and location of her injury, described her injured body part, provided a photograph of her injury and the pothole, offered to provide additional information and photographs to the City to allow it to investigate her claim, and her email address. Two days later, the City sent a reply to plaintiff's message and provided a tracking number assigned to her claim. During the ninety-day time period from the date of her injury, plaintiff believed her 311 message to the City constituted sufficient notice of her claim. Plaintiff took steps to comply with the TCA notice of claim and achieved the TCA's purpose by notifying the City of her injury.

Not hearing from the City after its reply to her 311 message, plaintiff retained an attorney. Immediately after being retained, plaintiff's attorney asked if the City accepted the 311 message as sufficient notice of plaintiff's claim under the TCA. Although the City never responded to counsel's inquiry, the

8

City forwarded its specific notice of claim form to plaintiff's attorney, well after expiration of the TCA's ninety-day deadline for filing a notice of claim. On October 15, 2018, plaintiff's counsel filed the "official tort claims act notice form" with the City. There is no dispute that plaintiff provided all the information required in the City's "official tort claims act notice form." Having reviewed the record, we are satisfied plaintiff provided an acceptable explanation for her failure to strictly comply with the notice of claim requirements of the TCA.

We next consider the prejudice to the City as a result of plaintiff's March 20 notice of claim. While the City claims it never received plaintiff's 311 message, the record does not support that contention. Two days after plaintiff's 311 message was sent, the City responded to plaintiff and assigned a tracking number. Based on the City's response to plaintiff, we are satisfied that her notice of claim in the 311 message was "actually received at . . . [the] local public entity within the time prescribed for presentation thereof," N.J.S.A. 59:8-109(b), and therefore the City received timely notice of the claim.

Nor is there anything in the City's certification opposing plaintiff's motion that explains why the City suffered prejudice. To establish prejudice, a defendant must show "[m]ore than a sweeping generalization." Lebron, 407 N.J.

Super. at 220 (citing Leidy v. County. of Ocean, 398 N.J. Super. 449, 463 (App. Div. 2008)). Although the City argues it "was unable to immediately and properly investigate the incident of the alleged condition," the City had the exact street location of the pothole that caused plaintiff's injury. Based on the information in plaintiff's 311 message, the City could have inspected the intersection of 9th Street and Washington Street to confirm the condition of the road. There is nothing in the record explaining why, under these circumstances, "the City was unable to properly investigate any claim of plaintiff." Nor did the City explain why it "could not have an expert opine about any alleged defect at the time of the accident" since plaintiff provided information with the exact location of the pothole on March 20, 2018. Any investigation and expert report on behalf of the City could have been prepared prior to "road conditions significantly chang[ing] over seven (7) months in the City due to weather, traffic, snow-plowing and the passage of time."

The City also failed to alert plaintiff to any deficiencies in her message to the 311 online reporting system. It did not do so in its March 22, 2018 email reply to plaintiff. Nor did the City respond to the inquiry by plaintiff's counsel to advise whether it deemed the 311 message deficient or non-compliant with the TCA. "If deficiencies in the notice were uncovered, justice and fairness

require plaintiff to be advised, not ignored." Lebron, 407 N.J. Super. at 219 (citing Murray v. Brown, 259 N.J. Super. 360, 365 (Law Div. 1991)).

Under these circumstances, the motion judge did not abuse her discretion in finding plaintiff's 311 message submitted to the City on March 20, 2018 substantially complied with the TCA's requirements for a notice of claim. Plaintiff provided information the City needed to investigate her claim and, despite the technical defects in plaintiff's 311 message, the message satisfied the TCA's intended purpose in requiring submission of a notice of claim. No demonstrable prejudice was established by the City to preclude the judge's finding that plaintiff substantially complied with the notice of claim requirements. In reviewing the unique facts in this case, plaintiff's 311 message to the City's online reporting system provided the City with effective and timely notice of her claim consistent with the notice requirements of the TCA.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3692-18T4