701 A.2d 764

HELEN SCALZA, PLAINTIFF–APPELLANT, v. SHOP RITE SU-
PERMARKETS, INC., SHOP RITE OF CLARK, INC., AND
WAKEFERN REALTY CO., A NEW JERSEY CORPORATION,
DEFENDANTS–RESPONDENTS, AND PATHMARK OF CLARK,
INC., AND SUPERMARKETS GENERAL CORPORATION, DE-
FENDANTS.

Superior Court of New Jersey
Appellate Division

Argued October 8, 1997—Decided October 27, 1997.

Before Judges A.A. RODRIGUEZ and COBURN.

*Hugo Villalobos* argued the cause for appellant (*Mr. Villalobos,* on the brief).

*Peter M. Rozano* argued the cause for respondents (*Mr. Rozano,* on the brief).

The opinion of the court was delivered by

COBURN, J.A.D.

Plaintiff appeals from an order, obtained by defendants pursuant to *R.* 4:23–2(b)(3), dismissing her complaint without prejudice for failure to comply with an earlier order requiring more specific answers to interrogatories. Because the order of dismissal was obtained *ex parte,* we reverse.

Plaintiff's complaint alleges that on February 19, 1993, she was a business invitee of defendants when their negligence caused her to fall and suffer personal injuries. Defendants were served with

the summons and complaint in November 1995. Interrogatory answers were exchanged, and in June 1996, defendants filed their first motion for more specific answers to interrogatories.[1] On the return date, July 12, 1996, the trial court signed the order as requested. Following further discovery motions, which need not be detailed here, the trial court, on September 16, 1996, granted another order requiring the plaintiff to more specifically answer defendants' interrogatories. That order authorized defendants to "file an *ex parte* order to dismiss the case for failure to comply with [this] order." On October 24, 1996, the trial court dismissed the complaint without prejudice on the defendants' *ex parte* application. This appeal followed.

As a preliminary matter, we address defendants' contention that this appeal should be dismissed as interlocutory. They contend that plaintiff had no right to appeal because the dismissal was without prejudice and she could have moved for vacation of the order in the trial court.

To be considered a final judgment appealable as of right, the order generally must dispose of all issues as to all parties. *Hudson v. Hudson,* 36 *N.J.* 549, 553, 178 *A.*2d 202 (1962). In *In re Application of Tiene,* 19 *N.J.* 149, 160, 115 *A.*2d 543 (1955), the Court held that where an order is in effect "similar to a dismissal of a complaint," the order is final and appealable as of right. Accordingly, the actual dismissal of a complaint, when the only other pleading is an answer, should generally be considered a final judgment for purposes of appeal.

This dismissal was not obtained pursuant to *R.* 4:23–5(a). That rule clearly provides for a motion to vacate a dismissal based on the complete failure to answer interrogatories. Consequently, an order of dismissal under *R.* 4:23–5(a) is probably not appealable. *Cf. Haber v. Haber,* 253 *N.J.Super.* 413, 417, 601 *A.*2d 1199

---

[1] We note that at that point the 150 days allowed for completion of discovery proceedings had already expired and the defendants had not moved for an order enlarging the time for discovery. *R.* 4:24–1.

(App.Div.1992)(explaining that a defendant is barred from appealing a default judgment until he has unsuccessfully pursued a motion to vacate the judgment under *R.* 4:50–1). On the other hand, under *R.* 4:23–2(b), with which we are concerned in this case, there is no express provision allowing vacation of a dismissal order. Although the order under examination was without prejudice, *R.* 4:37–2(a), it was not without significance.

■ Generally, a *R.* 4:37–2(a) dismissal "is not an adjudication on the merits and does not bar reinstitution of the same claim in a later action." *Woodward–Clyde Consultants v. Chemical & Pollution Sciences,* 105 *N.J.* 464, 472, 523 *A.*2d 131 (1987). However, the statute of limitations will bar a second action filed after the limitations period has passed when the initial action was dismissed without prejudice for failure to answer interrogatories. *Rivera v. Prudential Property and Cas. Ins. Co.,* 104 *N.J.* 32, 514 *A.*2d 1296 (1986). In the subject case, the statute of limitations ran in February 1995. Thus, under *Rivera,* even though plaintiff's action was dismissed without prejudice, she would be barred from filing a new action. To that extent, of course, the trial court's order of dismissal was prejudicial. The briefs have not fully addressed the question whether a party may move for vacation of a dismissal order under *R.* 4:23–2(b)(3) or the further question of whether the failure to so move should bar an appeal. Consequently, we will defer consideration of these knotty issues, and exercise our well-established authority to grant leave to appeal *nunc pro tunc. Yuhas v. Mudge,* 129 *N.J.Super.* 207, 209, 322 *A.*2d 824 (App.Div. 1974).

■ The trial court's use of *ex parte* practice in its discovery order was inconsistent with the provisions of *R.* 1:6–2 and violative of our holding in *Zukerman v. Piper Pools, Inc.,* 232 *N.J.Super.* 74, 556 *A.*2d 775 (App.Div.1989):

> The entry of an order in the cause without notice to all parties is generally not proper, *R.* 1:5–1, even if certain parties are not directly affected, except for scheduling and administrative matters. Notice is an essential requirement of due process; the rules provide for consideration of *ex parte* orders only in certain limited and emergent situations. However ... a judge should not confer or meet

with any party, or counsel for any party, without all attorneys either consenting or having the opportunity to be present.

[*Id.* at 82–83, 556 *A.*2d 775 (citations omitted).]

Examples of emergent situations in which the rules specifically allow for *ex parte* applications for judicial relief are set forth in the *Zukerman* opinion. *Id.* at 83 n. 7, 556 *A.*2d 775. Obviously, a motion to dismiss a complaint for failure to abide by a court order requiring more specific answers to interrogatories is not such an emergent matter. When the rules do not provide for *ex parte* applications, they are prohibited, with the possible exception of extraordinary circumstances which would warrant a relaxation of the rules pursuant to *R.* 1:1–2.

In light of the applicable authorities, we are obliged to reverse the order dismissing the plaintiff's complaint.

Reversed and remanded for further proceedings.