**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3631-15T3

ALAN GRECO,

    Plaintiff-Appellant,

v.

TWINN CEDARS, INC., FRANK
NIGRO and DAVID G. PAULUS,

    Defendants-Respondents.

_____

        Submitted April 24, 2017 — Decided May 2, 2017

        Before Judges Nugent and Haas.

        On appeal from Superior Court of New Jersey,
        Law Division, Special Civil Part, Ocean
        County, Docket No. DC-6962-15.

        Kelly Law, P.C., attorneys for appellant
        (Charles P. Kelly, of counsel and on the
        brief; Bradley Latino, on the brief).

        Heagen, Pagano & Associates, attorneys for
        respondents (Anthony M. Pagano, on the brief).

PER CURIAM

    Plaintiff Alan Greco appeals from a March 22, 2016 Law

Division order dismissing his complaint and enforcing a purported

settlement among the parties. When the court dismissed the

complaint, it did not "find the facts and state its conclusions of law" as required by Rule 1:7-4(a). For that reason, we vacate the order and remand this matter to the trial court for further proceedings.[1]

The record on appeal discloses the following procedural history. On July 20, 2015, plaintiff filed a six-count Special Civil Part complaint. In the complaint, he alleged defendants Frank Nigro and David G. Paulus were the owners of defendant Twinn Cedars, Inc., a registered home improvement contractor with whom he contracted to construct improvements to his house in Toms River. According to plaintiff, defendants did not complete the work, and the work they did complete they performed in a shoddy and unworkmanlike manner. Plaintiff also alleged that after he retained counsel, defendants agreed to make a lengthy list of repairs but never made them.

Defendants answered the complaint, asserted affirmative defenses, and plead a counterclaim. The following month, defendants moved to enforce a prior settlement allegedly executed by the parties in February 2015.

---

[1] On the same day the trial court dismissed the complaint, it denied as moot plaintiff's motion seeking sanctions for defendants' failure to make discovery. That order is also vacated as the matter is no longer moot.

In a supporting certification from defense counsel, he averred he was "familiar with the facts and circumstances noted herein."[2]  He certified he and plaintiff's counsel "agreed upon the terms of a settlement" after "quite a bit of negotiating."  He also certified that, though the settlement agreement was reduced to writing and executed by plaintiff, it was never consummated because plaintiff failed to show up on the agreed upon date to discuss the extent of the repair work.  Defense counsel certified plaintiff never rescheduled.

Plaintiff opposed the motion.  He disputed defendant's assertions about why defendants did not perform as obligated by the settlement agreement.  He apparently filed no certifications, but made the factual assertions in his letter brief.

The court did not initially decide defendants' motion but instead requested supplemental submissions from the parties.  The parties complied, submitting supplemental letter briefs alleging additional factual assertions.  The parties also attached email chains and correspondence to support their respective positions.

On the return date of the motion, the court urged the parties to settle their dispute.  When they were unable to do so, the

---

[2] "If a motion is based on facts not appearing of record or not judicially noticeable," Rule 1:6-6 requires "affidavits made on personal knowledge, setting forth only facts which are admissible in evidence to which the affiant is competent to testify[.]"

court granted defendants' motion. Without finding any facts or making any legal conclusions, the court dismissed the complaint, stating:

> after reviewing all of the circumstances and having had counsel with counsel about this matter and exhausting the attempts to try to settle it between the parties so that they could reach some sort of agreement suitable to move on, the [c]ourt is going to grant the motion and dismiss the [c]omplaint.

The court entered a memorializing order and defendants appealed.

On appeal, plaintiff maintains the parties' settlement agreement is void for many reasons, including that it is unconscionable and violates the Consumer Fraud Act. Plaintiff also contends the settlement agreement is unenforceable because defendants breached it and committed equitable fraud. Apart from those allegations, plaintiff asserts defendants Nigro and Paulus were not parties to the settlement agreement, thus the complaint as to them should not have been dismissed. Lastly, plaintiff argues the trial court granted the motion without making requisite findings of fact and conclusions of law.

Defendants generally deny each of plaintiff's assertions concerning the unenforceability of the settlement agreement. They argue plaintiff's cause of action against them should fail based upon the entire controversy doctrine. Lastly, they contend the

trial court properly determined the settlement agreement is enforceable.

Rule 1:7-4 mandates that a trial court, "by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right[.]"  The "[f]ailure to perform that duty constitutes a disservice to the litigants, the attorneys and the appellate court." Curtis v. Finneran, 83 N.J. 563, 569-70 (1980) (citation omitted).

The trial court must clearly state its factual findings and correlate them with relevant legal conclusions so the parties and appellate courts may be informed of the rationale underlying the decision. Monte v. Monte, 212 N.J. Super. 557, 564-65 (App. Div. 1986).  "In the absence of reasons, we are left to conjecture as to what the judge may have had in mind." Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990).  Furthermore, such an omission "imparts to the process an air of capriciousness that does little to foster confidence in the judicial system." Twp. of Parsippany-Troy Hills v. Lisbon Contractors, Inc., 303 N.J. Super. 362, 367 (App. Div.), certif. denied, 152 N.J. 187 (1997).  For these reasons, the order dismissing the complaint in the case before us must be vacated.

A-3631-15T3

We note defendants did not cite in their Notice of Motion the rule or authority under which they were proceeding. Such omissions by attorneys are not uncommon. Nonetheless, we make the observation because the appropriate standard of review will ordinarily guide a trial court's determination. Here, for example, defendants sought to dismiss the complaint, albeit under the theory that the parties had entered into an enforceable settlement before the complaint was filed. As the motion was not based upon discovery violations, there were only a limited number of rules under which defendants could have proceeded.

Two such rules are Rule 4:6-2(e) (failure to state a cause of action upon which relief can be granted) and Rule 4:46 (summary judgment). Under Rule 4:6-2(e), if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by R. 4:46, and all parties shall be given reasonable opportunity to present all material pertinent to such a motion." Ibid. The summary judgment standard requires denial of a summary judgment motion if there exists a "genuine issue as to any material fact challenged." R. 4:46-2(c). Moreover, summary judgment motions, like all motions, must be supported by affidavits that comply with R. 1:6-6.

A-3631-15T3

Neither the parties nor the trial court should construe our observations as requiring the trial court to merely make findings of fact and conclusions of law on remand. Nor do we mean to imply how defendants' motion should be decided. We suggest only that the trial court has broad discretion on remand. If the record before it is inadequate to resolve whether the parties' purported settlement agreement can be enforced, then the motion should be denied and the court should permit the parties to take discovery and thereafter conduct an evidentiary hearing, if necessary. If the trial court determines the existing record is adequate to dispose of defendants' motion, then it should issue an opinion that cites the appropriate standard of review and sets forth findings of fact and conclusions of law.

On remand, the trial court should conduct a status conference with counsel within thirty days to discuss and decide whether the motion record should be supplemented and, if so, whether limited discovery or a hearing is necessary. The parties shall then proceed accordingly.

The March 22, 2016 order dismissing the complaint is vacated and this matter is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3631-15T3