**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4094-16T4

PAUL A. MITCHELL and MALIKA
HAYNESWORTH,

    Plaintiffs-Respondents,

v.

MICHAEL GRAINGER, CITY OF
NEWARK and/or NEWARK POLICE
DEPARTMENT,

    Defendants-Appellants.

_____

Argued telephonically November 1, 2017 — Decided November 16, 2017

Before Judges Sabatino and Rose.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-7440-16.

Handel T. Destinvil argued the cause for appellants (Kenyatta K. Stewart, Acting Corporation Counsel, City of Newark-Department of Law, attorney; Mr. Destinvil, on the briefs).

Andrew J. Calcagno argued the cause for respondents (Calcagno & Associates, LLC, attorneys; Michael J. Chelland, on the brief).

PER CURIAM

Defendants Michael Grainger and City of Newark appeal from a March 3, 2017 Law Division order denying their motion to dismiss the complaint filed by plaintiffs Paul A. Mitchell and Malika Haynesworth, and an April 13, 2017 order denying their motion for reconsideration of the March 3, 2017 order. In both rulings, the trial court did not sufficiently "find the facts and state its conclusions of law" as required by Rule 1:7-4(a). For that reason, and also because of the limited nature of the record, we vacate the orders and remand this matter to the trial court for further proceedings.

The record on appeal discloses the following minimal facts and procedural history. On October 30, 2014, when walking in the intersection near Norfolk and Orange Streets, plaintiffs were struck by a City of Newark police vehicle operated by Michael Grainger. On November 26, 2014, plaintiffs each filed a notice of tort claim setting forth a general description of the accident and a limited summary of their injuries. On December 2, 2014, defendants advised plaintiffs that the notices of claim were incomplete, that is, they were missing authorizations for medical releases, photographs, itemized medical bills and records, and automobile insurance information. The record on appeal indicates

plaintiffs did not respond to defendants' December 2, 2014 correspondence.[1]

On February 13, 2017, defendants filed a motion to dismiss plaintiffs' complaint with prejudice for failure to comply with the notice provision of the Tort Claims Act pursuant to Rule 4:6-2(e), N.J.S.A. 59:8-4(d) and N.J.S.A. 59:8-6. In support of their motion, defendants provided the motion judge with a copy of the City of Newark's specialized claim form, pursuant to N.J.S.A. 59:8-6, requiring plaintiffs to provide to defendants, "itemized bills and records" and signed HIPPA authorizations, and proof that plaintiffs had not complied with these requirements.

The trial court denied the purportedly unopposed motion on the papers.[2] Without finding any facts or making any legal

_____

[1] During oral argument before us, plaintiffs' counsel represented his office forwarded to defendants "a HIPPA release form," and records from St. Michael's Hospital and "Clinton Chiropractic" after they filed their respective notices of claim but prior to filing the instant lawsuit. These documents were not provided in defendants' appendix; plaintiffs did not file an appendix.

[2] The order indicates the motion was unopposed. However, during oral argument before us, defendants stated they initially filed a motion to dismiss the complaint solely on behalf of the City of Newark. Plaintiffs opposed that motion. Defendants withdrew the motion and then refiled to add defendant Michael Grainger. Defendants acknowledge, therefore, that the instant motion was opposed at least initially. However, defendants' merits brief claims plaintiffs "made no argument in opposition that their failure to comply with the requirements of the City's specialized

3                                                      A-4094-16T4

conclusions, the court denied the motion, entering an order with the following notation:

> Plaintiff has substantially complied with the requirements of N.J.S.A. 59:8-4. See Guerrero v. Newark, 216 N.J. Super. 66 (App. Div. 1987).

On March 27, 2017, defendants filed a motion for reconsideration of the court's March 3, 2017 order. Plaintiffs opposed the motion. In their supporting brief, defendants argued that the basis of their motion to dismiss was failure to comply with the specialized notice provisions pursuant to N.J.S.A. 59:8-6, and not N.J.S.A. 59:8-4.

On April 13, 2017, the court decided defendants' motion for reconsideration on the papers, entering an order with the following notation:

> Moving party has failed to meet their burden pursuant to R. 4:49-2 of presenting sufficient evidence to warrant granting [r]econsideration and [d]efendants' arguments as to N.J.S.A. 59:8-6 were without sufficient facts to have granted the requested relief.

On appeal, defendant argues the motion judge did not cite to any caselaw, nor provide "guidance as to what additional information . . . was necessary to sufficiently prove [p]laintiffs'

claim form . . . constituted substantial compliance with N.J.S.A. 59:8-6."

failure to provide additional information sought by the City's specialized claim form."

Rule 1:7-4 mandates that a trial court, "by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right[.]" The trial court must clearly state its factual findings and correlate them with relevant legal conclusions so the parties and appellate courts may be informed of the rationale underlying the decision. Monte v. Monte, 212 N.J. Super. 557, 564-65 (App. Div. 1986). "In the absence of [adequate] reasons, we are left to conjecture as to what the judge may have had in mind." Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990).

Furthermore, such an omission "imparts to the process an air of capriciousness that does little to foster confidence in the judicial system." Twp. of Parsippany-Troy Hills v. Lisbon Contractors, Inc., 303 N.J. Super. 362, 367 (App. Div.), certif. denied, 152 N.J. 187 (1997). The "[f]ailure to make explicit findings and clear statements of reasoning 'constitutes a disservice to the litigants, the attorneys, and the appellate court.'" Gnall v. Gnall, 222 N.J. 414, 428 (2015) (quoting Curtis v. Finneran, 83 N.J. 563, 569-70 (1980)).

Here, although the trial court made a conclusory written finding of plaintiffs' "substantial compliance," it did not explain why it reached that conclusion, given the City of Newark's assertion that the necessary medical information had not been furnished. The sparse record on appeal is not particularly enlightening. For these reasons, the order dismissing the complaint in the case before us must be vacated.

Neither the parties nor the trial court should construe our observations as requiring the trial court to merely make findings of fact and conclusions of law on remand. Nor do we mean to imply how defendants' motion should be decided. We suggest only that the trial court has broad discretion on remand.

For example, if the full documentary record presented before the trial court is inadequate to resolve whether plaintiff satisfied defendant's specialized notice of claim, then the court should permit oral argument and, if necessary, conduct a plenary hearing, thereafter. However, if the court determines the existing record in the trial court is adequate to dispose of defendants' motion, then it should issue an opinion that cites the appropriate standard of review and sets forth more amplified findings of fact and conclusions of law.

A-4094-16T4

On remand, the trial court should conduct a status conference with counsel within thirty days to discuss and decide whether the motion record should be supplemented and, if so, whether a hearing is necessary. The parties shall then proceed accordingly.

The March 3, 2017 order dismissing the complaint, and the April 13, 2017 order denying reconsideration of the March 3, 2017 order, are therefore vacated and this matter is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION