**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3235-17T3

THE CHURCH INSURANCE
COMPANY OF VERMONT,

      Plaintiff-Appellant/
      Cross-Respondent,

v.

THEOPHILUS EJIM,

      Defendant-Respondent/
      Cross-Appellant,

 and

GRACE CHURCH USA,

      Defendant-Respondent.

_____

Argued March 27, 2019 – Decided April 10, 2019

Before Judges Alvarez and Nugent.

On appeal from Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-2274-16.

James P. Manahan argued the cause for appellant/cross-respondent (Bernstein & Manahan, LLC, attorneys; James P. Manahan on the briefs).

Robert P. Casey argued the cause for respondent/cross-appellant (Lenox Law Firm, LLC, attorneys; Robert P. Casey, on the brief).

PER CURIAM

Plaintiff, The Church Insurance Company of Vermont, appeals from a $9185 judgment entered against it as a sanction for pursuing a frivolous claim against defendant, Theophilus Ejim. Ejim cross-appeals from the same order, contending the judgment was inadequate. Because the judgment was final, and because the Law Division judge who entered it did not make adequate findings of fact and conclusions of law as required by Rule 1:7-4, we vacate the order and remand for further proceedings.

To provide context for the issues raised on this appeal, we briefly summarize the facts of a Chancery Division action – between plaintiff's insured and Ejim – from which no appeal has been taken. Ejim had been a founder and long-term member of IGBO Community Church U.S.A., Inc. (IGBO), when he left as the result of a factional split within the church. In a series of transactions that pre-dated and post-dated Ejim's departure from IGBO, Ejim transferred approximately $250,000 from IGBO bank accounts to a bank account in the

name of Grace Church, USA. Although Ejim incorporated this entity, he acknowledged during court proceedings that no church is associated with it.

IGBO filed a chancery action and obtained interim relief restraining the bank from disbursing any funds from the Grace Church account. The Chancery Division action concluded after the court entered summary judgment for IGBO, finding Ejim had committed the tort of conversion and breached his fiduciary duty to IGBO. The court dismissed Ejim's counterclaim seeking involuntary dissolution of IGBO or, alternatively, indemnification. The Chancery Division judge also rejected Ejim's defense of unclean hands. The judge granted IGBO's summary judgment motion on November 14, 2017.

That brings us to the Law Division action that is now before us. Plaintiff issued a Fidelity Bond to IGBO to cover, among other losses, "theft and conversion of assets including bank funds by a member or employee." When IGBO asserted a claim against the Bond based on Ejim's conversion of the funds in the IGBO accounts, plaintiff paid IGBO the $100,000 limits of its Fidelity Bond, but required IGBO to file a criminal complaint against Ejim. In November 2016, a year before the pending Chancery Division action concluded, plaintiff filed this subrogation action against Ejim and Grace Church USA.

Ejim and Grace Church filed an answer, affirmative defenses, and a counterclaim. The counterclaim's first count stated in relevant part:

> 1. On information and belief, the Plaintiff, in processing a claim by its insured, [IGBO], required its insured to file a Criminal Complaint against the Defendant Ejim knowing that the funds which were allegedly misappropriated or converted were being held in a bank account under Court Order.

> 2. Such conduct on behalf of the plaintiff constituted a frivolous action that directly and proximately has caused the Defendant Ejim to suffer damages.

The second count of the counterclaim stated in pertinent part:

> 2. In Paragraph [three] of its Complaint, the Plaintiff alleges that its insured submitted a claim, the date of which pre-dated its coverage.

> 3. In Paragraph [five] of its Complaint, the Plaintiff states that it paid that claim to its insured in the amount of One Hundred Thousand Dollars ($100,000.00) knowing that the funds that were allegedly converted and/or misappropriated were being held in a bank account under Court Order.

> 4. Such action by the Plaintiff constitutes frivolous conduct that directly and proximately has caused the Defendants to sustain damages.

One month after the Chancery Division judge entered summary judgment in favor of IGBO for Ejim's conversion of IGBO funds, the same judge decided and granted Ejim's motion for summary judgment in this, the Law Division

4

action. In a statement of reasons appended to the order granting Ejim and Grace Church USA summary judgment, the judge noted that the motion had been unopposed. In granting the motion, the court explained: "The court has resolved the Chancery Division matter and, as part of its determination, has ordered the funds to be returned to IGBO. . . . Based on the court's decision in the chancery matter, plaintiff no longer has a subrogation claim against Theophilus Ejim and Grace Church U.S.A."

Following the summary judgment dismissal of plaintiff's Law Division complaint, Ejim filed a motion seeking attorney's fees and costs from plaintiff as a sanction for plaintiff filing a frivolous complaint. Ejim supported the motion with his attorney's certification.

The attorney cited Ejim's answer, affirmative defenses, and counterclaim, in which Ejim made the following allegations. First, plaintiff stated it was authorized to transact business in New Jersey, but it had never been so authorized. Second, IGBO's loss had not occurred within the policy period. Third, the funds IGBO allegedly lost "were secured in a bank account, under [c]ourt [o]rder." Ejim contended that based on these facts plaintiff's subrogation claim was frivolous. Ejim claimed he had so informed plaintiff in his cover letter serving his answer, affirmative defenses, and counterclaim. The cover

letter contained this statement: "[a]dditionally, please note that this correspondence is also intended to provide [twenty-eight]-Day Notice to you pursuant to Rule 1:5-2 to withdraw the Complaint."

In response to Ejim's motion for sanctions, plaintiff sent him a letter asserting that his motion was frivolous. Plaintiff asserted Ejim's motion for sanctions was frivolous because the Chancery Division judge had not determined that plaintiff's complaint was frivolous. Plaintiff also asserted Ejim had incurred no fees or costs following the grant of summary judgment to Ejim "that would be cause for any award or remedy against [p]laintiff." When Ejim refused to dismiss his motion, plaintiff filed a cross-motion seeking counsel fees and costs for having to respond to Ejim's allegedly frivolous motion.

The motion and cross-motion were decided by a Law Division judge. Following oral argument, the judge declined to address Ejim's argument that plaintiff was not authorized to do business in New Jersey and thus had no standing to bring its subrogation action. The judge found plaintiff's subrogation claim was no longer viable after the Chancery Division judge granted summary judgment to Ejim on December 14, 2017. The judge found, however, that plaintiff should have known its complaint had no merit as of November 14, 2017, when the Chancery Division entered summary judgment in the underlying

6

action in favor of IGBO. The judge denied plaintiff's cross-motion, permitted the parties to supplement the record regarding Ejim's counsel fees through the date of oral argument, and entered the $9185 order of judgment for Ejim, "representing sanctions pursuant to N.J.S.A. 2A:15-59.1." These appeals followed.

On appeal, plaintiff argues the Law Division judge failed to make required findings of fact and conclusions of law. Plaintiff notes the judge did not explain the basis for the $9185 judgment. Ejim counters that he proved plaintiff's conduct was frivolous and the Law Division judge acted appropriately in so finding. He claims the documentation he submitted to the court amply supported the final judgment. In support of his cross-appeal, he argues that plaintiff's subrogation complaint was frivolous from its inception; consequently, the court should have awarded him the attorney's fees he incurred from the action's inception through its conclusion. Plaintiff responds that Ejim's cross-appeal is devoid of factual support and unsupported by legal precedent. He insists his matter should be remanded and the trial court directed to make appropriate findings of fact and conclusions of law.

We begin our analysis by noting that the Law Division's order of judgment awarding Ejim fees was final for purposes of appeal. An order is generally

considered a final judgment appealable as of right if it "dispose[s] of all issues as to all parties."  Scalza v. Shop Rite Supermarkets, Inc., 304 N.J. Super. 636, 638 (App. Div. 1997) (citing Hudson v. Hudson, 36 N.J. 549, 553 (1962)).

Because the order here was final, it was appealable as of right. R. 2:2–3(a)(1).   When issuing orders appealable as of right, trial courts must issue opinions. Rule 1:7–4 mandates that a trial court, "by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right."  The trial court must clearly state its factual findings and correlate them with relevant legal conclusions so the parties and appellate courts may be informed of the rationale underlying the decision.  Monte v. Monte, 212 N.J. Super. 557, 565 (App. Div. 1986).  "In the absence of reasons, we are left to conjecture as to what the judge may have had in mind." Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990).  Furthermore, such an omission "imparts to the process an air of capriciousness which does little to foster confidence in the judicial system." Twp. of Parsippany-Troy Hills v. Lisbon Contractors, Inc., 303 N.J. Super. 362, 367 (App. Div. 1997).

Here, the Law Division judge who disposed of the final motion and cross-motion merely made several conclusory statements.  The judge provided no

analysis of the parties' arguments, made no findings of fact with explanations supported by the motion record, and stated no conclusions of law supported by precedent. For that reason, we vacate the order and remand for the Law Division judge to make findings of fact and conclusions of law.

On remand, the judge shall address all arguments of all parties, including Ejim's claim that plaintiff had no standing to file its subrogation claim because it was not registered to do business in New Jersey. Plaintiff does not dispute that it was doing business in the State without registering. The judge shall also make findings of fact and conclusions of law concerning the reasonableness of any fee award. Packard-Bamberger & Co., Inc. v. Collier, 167 N.J. 427 (2001).

The Law Division judge's order of judgment for Ejim is vacated and this matter is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION