NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-3338-18T1

SOLOMON RUBIN,

      Plaintiff-Appellant,

v.

MARK TRESS and
CEDAR HOLDINGS LLC,

      Defendants-Respondents.

_____

| APPROVED FOR PUBLICATION |
| --- |
| June 8, 2020 |
| APPELLATE DIVISION |

Argued January 22, 2020 - Decided June 8, 2020

Before Judges Accurso, Gilson and Rose.

On appeal from the Superior Court of New Jersey,
Law Division, Ocean County, Docket No. DC-
000876-19.

Solomon Rubin, appellant, argued the cause pro se.

Kevin N. Starkey argued the cause for respondent
(Starkey Kelly Kenneally Cunningham & Turnbach,
attorneys; Kevin N. Starkey, on the brief).

The opinion of the court was delivered by

ACCURSO, J.A.D.

In this Special Civil Part suit to recover unpaid legal fees, plaintiff Solomon Rubin, an attorney proceeding in his own behalf, appeals from an order dismissing his complaint against defendants Mark Tress and Cedar Holdings LLC based on his failure to provide the pre-action notice required by Rule 1:20A-6. Rubin contends he sent the notice by certified and regular mail as required by the Rule. He refused, however, to provide defendants' counsel a copy, claiming he was under no obligation to do so prior to service of defendants' answer and his receipt of a demand for the document in discovery.

When, on the return date of defendants' motion to dismiss for failure to provide the notice, plaintiff advised the court he did not have a copy with him but would provide one to defendants in discovery, the judge chastised plaintiff for his discourtesy and dismissed the complaint. We affirm; not because plaintiff was discourteous but because he failed to comply with Rule 4:18-2, which requires service of any document referred to in a pleading that "is neither annexed thereto nor recited verbatim therein" within five days of written demand.

The essential facts are easily summarized. Plaintiff sued defendants for unpaid legal fees of $6478.07, incurred in connection with litigation over a real estate transaction. He alleged in his complaint that he had provided defendants notice of their right to fee arbitration by regular and certified mail,

return receipt requested, more than thirty days previous, and that defendants had not sought arbitration. See R. 1:20A-6 (providing no lawsuit by an attorney to recover a fee may be filed before expiration of the thirty-day window for pre-action notice to the client of his right to request fee arbitration); Saffer v. Willoughby, 143 N.J. 256, 263-65 (1996) (explaining the fee arbitration process).

Shortly after service of the pleading, defendants' counsel wrote to plaintiff regarding the notice of arbitration referenced "[i]n Paragraph 14 of the Complaint." Counsel claimed his clients had "no knowledge of such notice" and demanded that plaintiff "immediately send . . . a copy . . . along with any return receipts evidencing delivery." Counsel closed his letter by warning that if he did not "receive a copy of valid notice" he would file a motion to dismiss the lawsuit. Counsel's letter made no reference to Rule 4:18-2.

Plaintiff ignored the letter, and defendants filed a motion to dismiss in lieu of answer for plaintiff's failure to comply with the notice provision of Rule 1:20A-6, supported by counsel's certification. In his certification, counsel advised the court of the letter he sent to plaintiff demanding a copy of the pre-action notice and plaintiff's failure to respond or produce a copy "as required by Court Rule." No "Court Rule" was referenced. Counsel also "certified" in violation of Rule 1:6-6 that "[d]efendants have never received a

Pre-Action Notice, despite the allegation in Paragraph 14 of the Complaint."[1] See R. 1:6-6 (requiring facts not appearing of record or judicially noticeable to be presented by affidavit or certification made on personal knowledge and admissible in evidence); Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 1:6-6 (2020) ("Affidavits by attorneys of facts not based on their personal knowledge but related to them by and within the primary knowledge of their clients constitute objectionable hearsay.").

In his certification in opposition to the motion, plaintiff noted that he alleged service of the pre-action notice in his complaint as required by Rule 1:20A-6 and had no obligation to do more at the pleading stage. See Leon v. Rite Aid Corp., 340 N.J. Super. 462, 472 (App. Div. 2001) (explaining a plaintiff's obligation on a motion to dismiss "is not to prove the case but only to make allegations which, if proven, would constitute a valid cause of action").

On the return date, defendants' counsel again explained that he was simply looking for a copy of the pre-action notice plaintiff referenced in his

_____

[1] Defendants' counsel "corrected" that error by submitting defendant Tress's certification to the same effect in reply to plaintiff's opposition to the motion. That practice, colloquially known as "sandbagging," while expedient in that it cures a defect in the motion, is improper as it deprives the party opposing the motion of the opportunity to respond. See State v. Smith, 55 N.J. 476, 488 (1970) (noting the impropriety of using a reply to enlarge an argument or raise additional issues).

complaint and was "at a loss" as to why plaintiff wouldn't provide it, again not mentioning his right to the document under Rule 4:18-2.

When it was his turn to argue, plaintiff began by stating that "a motion to dismiss is for failure to state a claim, not to prove a claim." The judge broke in, announced that the matter could be easily resolved and asked "Where's the letter?" Plaintiff replied that he didn't have a copy with him, but acknowledged defendants were entitled to a copy in discovery and represented that he would provide one. He also pointed out that he had attached a copy of the envelope in which the letter was sent to his certification in opposition to the motion.

The judge advised counsel that this was "not one of those counties that we try to outdo folks and stab folks in the back. The bottom line is, he needs a copy of the letter. You don't send him the envelope . . . ." The court continued to lecture plaintiff on his manners, pointing out it was possible the letter was lost in the mail or mislaid upon receipt, and that plaintiff should simply have provided counsel a copy of the letter when he asked for it. The court made no reference to plaintiff's obligations under Rule 4:18-2. When plaintiff again repeated that he did not have a copy with him, but would provide one, the court replied, "You know what, the matter is dismissed" and bid the parties "a good day." When plaintiff tried to ask the basis of the

A-3338-18T1

dismissal, the judge responded, "You know what you are doing. Do what you have to do." This appeal followed.

Plaintiff contends he complied with Rule 1:20A-6 by alleging in his complaint that he mailed the pre-action notice to defendants, and that "discourteousness," which he denies in any event, is not a valid basis for dismissing his complaint. We do not disagree. But plaintiff, as well as defendants' counsel and the trial court, all overlooked Rule 4:18-2, the violation of which made the complaint subject to dismissal, thus providing an alternative basis to affirm here. See Hayes v. Delamotte, 231 N.J. 373, 387 (2018) (directing that a "trial court judgment that reaches the proper conclusion must be affirmed even if it is based on the wrong reasoning"); Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001) (noting "appeals are taken from orders and judgments and not from opinions, oral decisions, informal written decisions, or reasons given for the ultimate conclusion").

Plaintiff is correct that Rule 1:20A-6 provides only that "[t]he attorney's complaint [for unpaid legal fees] shall allege the giving of the [pre-action] notice required by this rule or it shall be dismissed" (emphasis supplied). He is also correct that the proper focus on a motion to dismiss is on whether the plaintiff has pleaded a cause of action, not whether he can prove what he has pleaded. See Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739,

746 (1989).  But he is wrong that he could ignore, without consequence, defense counsel's letter requesting a copy of the pre-action notice referenced in the complaint.

Rule 4:18-2, "Copies of Documents Referred to in Pleading," provides:

> When any document or paper is referred to in a pleading but is neither annexed thereto nor recited verbatim therein, a copy thereof shall be served on the adverse party within 5 days after service of his written demand therefor.

The comment to the Rule states that "[t]he sanctions of R. 4:23-4 apply to failures of compliance with this rule."[2]  Pressler & Verniero, cmt. on R.

---

[2]  That the rule itself does not specify a sanction for its violation appears to be a result of an historical anomaly.  As Judge Pressler explained in her comments to the 2000 version of the Rules, Rule 4:18-2 was adopted as part of the 1969 revision, and its source rule, R.R. 4:24-2, did not provide a sanction for non-compliance.  Pressler, Current N.J. Court Rules, cmt. on R. 4:18-2 (2000).

The drafters of the 1969 revision determined it would be "unfair" to require a party "unqualifiedly entitled to compliance with his demand" for a copy of a document referred to in a pleading be put to the effort of a motion to compel and thus recommended that Rule 4:23-4 "include[] the failure of compliance with a demand made pursuant to R. 4:18-2 as one to which its sanctions are applicable."  See Tentative Draft Comment on R. 4:18-2, Pressler, cmt. on R. 4:18-2 (1969).  Thus the 1969 version of Rule 4:23-4, "Failure of Party to Attend or Comply with Demand," provided:

> If a party or an officer, director or managing or authorized agent of a party willfully fails to appear before the officer within this State who is to take his deposition, after being served with a proper notice, or

(continued)

(continued)

> fails to comply with a demand for a copy of a document made pursuant to R. 4:18-2, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party, or take such other action as it deems appropriate.

Rule 4:23-4 was amended in 1972 to add "a failure to respond to a request for inspection under R. 4:18-1 as a circumstance warranting the [rule's] sanctions." See Pressler, cmt. on R. 4:23-4 (2000). Rule 4:23-4 was again amended as part of the "Best Practices" amendments effective in September 2000 to delete the reference to Rule 4:18 because non-compliance with Rule 4:18-1 "was then made subject to the two-step dismissal procedure of R. 4:23-5(a)." See Pressler & Verniero, History and Analysis of Rule Amendments to R. 4:23-4 (2020) (www.gannlaw.com).

Non-compliance with Rule 4:18-2, however, was not included in the "Best Practices" amendments to Rule 4:23-5, presumably because the two-step procedure of the rule was inconsistent with the design of Rule 4:18-2, to provide a speedy means to obtain a copy of a document referred to in a pleading before any responsive pleading is due. Following "Best Practices," Rule 4:18-2 returned to the condition of its source rule as having no sanction for non-compliance. Note, however, that the comments since 2007, following the 2006 amendment to the caption of R. 4:23-4 to remove the reference to a party's failure to comply with a demand for documents, Pressler & Verniero, History and Analysis of Rule Amendments to R. 4:23-4 (2020) (www.gannlaw.com), have provided that "[t]he sanctions of R. 4:23-4 apply to failures of compliance with this rule." See Pressler, cmt. on R. 4:18-2 (2007); Pressler & Verniero, cmt. on R. 4:18-2 (2020).

In 2014, it was suggested to the Civil Practice Committee that Rule 4:18-2 was "an orphan and should be included as part of another rule." The Committee recommended "that reference to Rule 4:18 should be made in subparagraph (a)(1) and paragraph (c) of Rule 4:23-5 to accomplish the remedy for the failure to provide documents referred to in pleadings." See 2014 Report of the Supreme Court Civil Practice Committee (Jan. 27, 2014).

(continued)

4:18-2. Rule 4:23-4, which addresses the failure of a party to attend his own deposition, permits the court to address the failure, on motion, by making "such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (1), (2) and (3) of R. 4:23-2 (b)." Rule 4:23-2(b), "Failure to Comply with Order," permits a court to address a party's failure "to obey an order to provide or permit discovery," by issuing "(3) [a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part

---

(continued)
The Supreme Court accepted the recommendation and Rule 4:23-5 was amended effective September 2014 to change the references to R. 4:18-1 to R. 4:18 "to make clear that the remedy of dismissal is available against a party who fails to serve documents referred to in pleadings pursuant to R. 4:18-2." See Pressler & Verniero, cmt. on R. 4:23-5 (2015); see also Pressler & Verniero, History and Analysis of Rule Amendments to R. 4:23-5 (2020) (www.gannlaw.com).

We recommend the Civil Practice Committee again review Rule 4:18-2 to consider whether the two-step dismissal procedure of Rule 4:23-5, which would theoretically allow a party that had never been put to the trouble of filing an answer to obtain a dismissal with prejudice for the pleader's failure to provide a copy of a document referenced in the pleading within five days of demand, is a more appropriate response to non-compliance than the one formerly contained in Rule 4:23-4. We also suggest the Committee consider including any sanction for non-compliance, even if only by reference to another rule, in the body of Rule 4:18-2 for greater ease of application.

thereof with or without prejudice."[3] Rule 4:23-5 also permits a party to move to dismiss or suppress a pleading "[i]f a demand for discovery pursuant to . . . R. 4:18 . . . is not complied with."

Rule 4:18-2, made applicable to Special Civil Part practice by Rule 6:4-3(e), was obviously intended to address precisely the issue before the trial court. Had plaintiff been aware of the rule, or had defendants' counsel referenced it in his letter, we expect that plaintiff would have sent counsel a copy of the pre-action notice referenced in the complaint and the unnecessary motion practice that followed would have been avoided.

---

[3] Although the order appealed is silent as to whether the dismissal was entered with or without prejudice, we assume the order to have been entered without prejudice as the motion was brought under Rule 4:6-2(e), which ordinarily results in a dismissal without prejudice. See Printing Mart, 116 N.J. at 772; Pressler & Verniero, cmt. 4.1.1 on R. 4:6-2(e); see also R. 4:37-2(a) (dismissals for failure to comply with a rule or order). Both Rule 4:6-2 and Rule 4:37 are applicable to the Special Civil Part. See R. 6:3-1 and R. 6:5-1. Although orders of dismissal without prejudice, which "adjudicate[] nothing," Cornblatt v. Barow, 153 N.J. 218, 243 (1998) (quoting Pressler, cmt. 2 on R. 1:4-4(b) (1996)), invite questions as to their finality under Rule 2:2-3(a)(1), see Scalza v. Shop Rite Supermarkets, Inc., 304 N.J. Super. 636, 639 (App. Div. 1997); Pressler & Verniero, cmt. 2.2.4 on R. 2:2-3, necessitating finality review in the Clerk's Office, see Mandel, New Jersey Appellate Practice, §20:2-4 (2020), a dismissal without prejudice that disposes of all issues as to all parties may, depending on the circumstances, be appealable as of right. See Morris Cty. v. 8 Court St. Ltd., 223 N.J. Super. 35, 38-39 (App. Div. 1988). We agree with the parties that the trial court's order was appealable as of right under the circumstances here.

Similarly, although we can understand the trial court's impatience with what it perceived to be gamesmanship on plaintiff's part, its failure to reference Rule 4:18-2, or otherwise explain the basis of its ruling in accordance with Rule 1:7-4(a), led plaintiff to the understandable conclusion that it had applied an incorrect standard in dismissing his complaint. See Twp. of Parsippany-Troy Hills v. Lisbon Contractors, Inc., 303 N.J. Super. 362, 367 (App. Div. 1997) (noting a court's failure to state its reasons for a dispositive order "imparts to the process an air of capriciousness which does little to foster confidence in the judicial system").  Instead of rectifying the problem, as an order referencing the requirements of Rule 4:18-2 and either striking the complaint, or staying further proceedings until plaintiff served a copy of the notice, would undoubtedly have done, the trial court's action simply compounded it, leading to this avoidable appeal.

Our Court Rules are conscientiously designed "to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." R. 1:1-2(a).  We commend their study to any party wishing to move a case quickly and fairly to resolution.  Resort to Rule 4:18-2 here, at any point, would have avoided needless delay and expense and facilitated the prompt adjudication of the case

on the merits.  Plaintiff may reinstate his lawsuit following service of a copy of the pre-action notice referred to in the complaint on defendants' counsel.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12