**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2529-17T2

GREGORY GOOTEE,

     Plaintiff-Appellant,

v.

CITY OF JERSEY CITY,

     Defendant-Respondent.

_____

Argued January 16, 2019 – Decided April 2, 2019

Before Judges Koblitz, Currier and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-3603-17.

Gary J. Brascetta argued the cause for appellant (Lowenthal & Abrams, PC, attorneys; Jeffrey F. Parker, on the briefs).

Maura E. Connelly, Assistant Corporation Counsel, argued the cause for respondent (Peter J. Baker, Corporation Counsel, attorney; Maura E. Connelly, on the brief).

PER CURIAM

In this action arising out of a trip and fall, we consider whether the Notice of Claim (Notice) presented by plaintiff Gregory Gootee substantially complied with the requirements of the New Jersey Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 59:12-3. The trial court found it did not. After reviewing the record in light of the applicable principles of law, we are satisfied plaintiff substantially complied with the requirements of the TCA, and we reverse.

In November 2016, plaintiff sustained injuries after tripping and falling on "poorly repaired" pavement while walking to his car. A month later, plaintiff served a Notice on defendant City of Jersey City. The letter stated: "[Plaintiff] tripped and fell due to a hole in the street at approximately the 300 block of Jersey Avenue, just [s]outh of Jersey Light Railway Station and Jersey City Medical Center."

Six days later, on December 19, 2016, defendant, through its third party claims administrator, sent a letter to plaintiff's counsel seeking additional information about the claim and requesting plaintiff complete an eight page document entitled "CLAIM FOR DAMAGE AGAINST THE CITY OF JERSEY CITY." Plaintiff returned the completed forms on January 5, 2017.

In response to questions on defendant's form, plaintiff stated the location of the accident occurred at the "[e]ast side of Jersey Avenue, between Jersey

2

City Medical Center [and] Railway Station." In answer to the description of the accident, plaintiff wrote: "[He] was walking to his car which was parked [s]outh of Jersey Light Railway station when he tripped and fell due to poorly repaired roadway." The form also asked plaintiff to draw a detailed diagram of the area of the accident and "[m]ark 'X' at the exact spot of the occurrence." Plaintiff wrote, "[t]o be provided."

On March 24, 2017, defendant's claims administrator sent plaintiff a letter denying his claim for damages. The letter stated: "Our investigation reveals that our insured had no prior notice of any problems or defects with the location of loss, therefore, we must respectfully deny your claim for damages."

After plaintiff instituted suit, defendant moved to dismiss the complaint in lieu of filing an answer, for failing to comply with the requirements of the TCA. Although defendant confirmed investigating the allegations, it argued it could not undertake a "proper investigation" because plaintiff failed to provide a sufficiently detailed description of the accident's location. Plaintiff responded that he substantially complied with the requirements of the TCA both in his Notice and responses to defendant's personalized claim notice.

In an oral decision of December 1, 2017, the trial judge found plaintiff did not provide a sufficient description of the accident's location to conform to the

 A-2529-17T2

notice of claim requirements of the TCA.[1]  The subsequent motion for reconsideration was denied on January 19, 2018.  This appeal followed.

Although defendant presented its application as a motion in lieu of an answer, defendant advised it was relying on "matters outside of the pleadings provided," and therefore the court should consider the motion under the summary judgment standard.  See R. 4:6-2(e).[2]  We agree.

A court should grant summary judgment if the record establishes there is "no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."  R. 4:46-2(c).  We consider the facts in the light most favorable to plaintiff, as the non-moving party, and make all reasonable inferences in his favor.  Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

Here, as before the trial judge, plaintiff argues he substantially complied with N.J.S.A. 59:8-4 because the information he gave in the Notice and the subsequent forms regarding the location of the incident provided defendant with sufficient information to investigate the allegations and either resolve the claim

---

[1]  The memorializing order was dated December 4, 2017.

[2]  As the trial judge did not refer to either Rule 4:6-2 or Rule 4:46-1 in his determination, it is unclear which standard governed his ruling.

or prepare a defense. We turn then to the TCA and the notice of claim requirements.

The TCA provides "broad but not absolute immunity for all public entities." Jones v. Morey's Pier, Inc., 230 N.J. 142, 154 (2017) (quoting Marcinczyk v. N.J. Police Training Comm'n, 203 N.J. 586, 597 (2010)). The TCA is intended "to bring uniformity to the law in this State with respect to sovereign immunity to tort claims enjoyed by public entities." Ibid. (quoting Tryanowski v. Lodi Bd. of Educ., 274 N.J. Super. 265, 268 (Law Div. 1994)). The TCA's "guiding principle" is that "immunity from tort liability is the general rule and liability is the exception." Ibid. (quoting Coyne v. Dep't of Transp., 182 N.J. 481, 488 (2005)).

"The Act bars civil actions against public entities unless certain procedures are strictly followed." Lebron v. Sanchez, 407 N.J. Super. 204, 213 (App. Div. 2009) (citing N.J.S.A. 59:8-3). A claimant may not bring suit against a public entity unless the claimant presents the public entity a Notice within ninety days after the cause of action accrues. N.J.S.A. 59:8-7; N.J.S.A. 59:8-8. The Notice must provide certain specified information, including the "date, place and other circumstances of the occurrence . . . which gave rise to the claim asserted" and a "general description of the injury, damage or loss incurred so far

as it may be known at the time of presentation of the claim." N.J.S.A. 59:8-4; see also D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 159 (2013). A public entity may request more information from the claimant through a personalized notice form. N.J.S.A. 59:8-6.

The notice requirements, however, are "not intended as 'a trap for the unwary.'" Lebron, 407 N.J. Super. at 215 (quoting Lowe v. Zarghami, 158 N.J. 606, 629 (1999)). The Supreme Court has recognized the notice requirements are "more properly denominated as a notice of injury or loss." Beauchamp v. Amedio, 164 N.J. 111, 121 (2000). Therefore, "substantial rather than strict compliance with the notice requirements of the Act may satisfactorily meet the statute's mandates." Lebron, 407 N.J. Super. at 215.

In the context of the TCA, the substantial compliance doctrine "has been limited carefully to those situations in which the notice, although both timely and in writing, had technical deficiencies that did not deprive the public entity of the effective notice contemplated by the statute." D.D., 213 N.J. at 159; see also Henderson v. Herman, 373 N.J. Super. 625, 637-38 (App. Div. 2004) (finding substantial compliance where plaintiff's Notice provided enough identifying information of the defendants, even without providing their names); Tuckey v. Harleysville Ins. Co., 236 N.J. Super. 221, 225-26 (App. Div. 1989)

6

(finding substantial compliance when the public entity investigated the incident within forty-eight hours of the occurrence); but see Navarro v. Rodriguez, 202 N.J. Super. 520, 522 (Law Div. 1984) (finding the plaintiff who failed to answer most of the questions on the personalized Notice did not establish substantial compliance).

To warrant application of the doctrine, the moving party must show:

> (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of [a plaintiff's] claim; and (5) a reasonable explanation why there was not strict compliance with the statute.
>
> [Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144, 151 (2003) (quoting Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 353 (2001)).]

Here, plaintiff substantially complied with N.J.S.A. 59:8-4. To establish prejudice, defendant must show "[m]ore than a sweeping generalization." Lebron, 407 N.J. Super. at 220 (citing Leidy v. Cty. of Ocean, 398 N.J. Super. 449, 463 (App. Div. 2008)). Defendant argues that without a diagram, it had "no idea where the accident occurred" and because two years had passed since the fall, the road may have been repaired, and it would "never know the actual condition which may have caused plaintiff's fall."

In the Notice, plaintiff stated the incident occurred at "approximately the 300 block of Jersey Avenue, just [s]outh of Jersey Light Railway Station and Jersey City Medical Center."  Similarly, in the personalized notice form, plaintiff indicated the location of the accident occurred at the "[e]ast side of Jersey Avenue, between Jersey City Medical Center [and] Railway Station."[3] Upon receipt of this description defendant could, and did, conduct an investigation.  There was no showing defendant was prejudiced as it was able to investigate the location of the fall from the information it received within weeks of the accident.

Plaintiff has also demonstrated he took a series of steps to comply with the statute.  N.J.S.A. 59:8-4(c) requires the claimant to provide information that will "permit the public entity [to] promptly . . . investigate the claim."  Newberry v. Twp. of Pemberton, 319 N.J. Super. 671, 680 (App. Div. 1999).  Plaintiff timely completed both the Notice and personalized Notice.[4]  Plaintiff described a dangerous condition on Jersey Avenue, between the two major landmarks

_____

[3]  Defense counsel stated the landmarks encompass almost a city block.

[4]  N.J.S.A. 59:8-6 does not require a claimant to provide the supplemental information within ninety days of the accrual of the claim, instead, this information must be submitted within a reasonable time after receiving the form. Henderson, 373 N.J. Super. at 637.  Here, plaintiff submitted both the Notice and personalized form within ninety days of the accrual of the claim.

listed in both Notices to defendant. This location, although not exact, provided "sufficient facts to prompt [defendant's] investigation of its potential liability." Lebron, 407 N.J. Super. at 217. In fact, defendant conducted an investigation prior to its denial of liability letter. Therefore, defendant had enough information to investigate Jersey Avenue for a defect on the road.

With the information provided, plaintiff placed defendant on notice of his claim in compliance with purpose of the TCA. Plaintiff timely completed both Notices, giving defendant ample time to evaluate its liability, investigate the claim, and, if necessary, request additional information in an attempt to resolve the claim or prepare a defense.

Significantly, defendant did not alert plaintiff of any deficiencies in the Notice or supplemental forms, and therefore it was reasonable for plaintiff to assume compliance with the statute. A "claimant has the right to assume that the information as given has been considered by the governmental entity to be sufficient for its purposes." Murray v. Brown, 259 N.J. Super. 360, 365 (Law Div. 1991). "If deficiencies in the notice were uncovered, justice and fairness require plaintiff to be advised, not ignored." Lebron, 407 N.J. Super. at 219 (citing Murray, 259 N.J. Super. at 365).

Here, plaintiff sent the Notice letter to defendant in December 2016. Less than a week later, defendant's claims administrator requested additional information and the completion of defendant's personalized notice form in order to conduct an investigation. Shortly thereafter, on January 5, 2017, plaintiff completed the requested documents. There was no further communication from defendant until March 2017, when it denied plaintiff's claim for damages because defendant "had no prior notice of any problems or defects" on Jersey Avenue. This denial of liability letter did not state the Notice was defective, nor that it could not investigate the allegations because of a lack of specificity of the location. Rather, it stated defendant was unaware of the alleged dangerous condition on Jersey Avenue. As a result, it was reasonable for plaintiff to believe the information provided to defendant was sufficient and in compliance with the statute.

Plaintiff supplied a timely Notice and answered defendant's personal Notice form, in which he provided sufficient information for defendant to investigate the allegations of his claim. Defendant did not communicate any deficiency in the Notices, or that it lacked sufficient information to investigate the claim. To the contrary, an investigation was conducted and defendant advised, in its denial of the claim, that it had no prior notice of any defect on

10

Jersey Avenue.  As a result, we are satisfied plaintiff substantially complied with

N.J.S.A. 59:8-4.

Reversed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2529-17T2